Scott D. Baker (SBN 84923)
*Email: sbaker@reedsmith.com*
James A. Daire (SBN 239637)
*Email: jdaire@reedsmith.com*
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA  94111-3922

**Mailing Address:**
P.O. Box 7936
San Francisco, CA  94120-7936

Telephone:     +1 415 543 8700
Facsimile:     +1 415 391 8269

Attorneys for Plaintiff
Clear Channel Outdoor, Inc.

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CLEAR CHANNEL OUTDOOR, INC., a Delaware Corporation,<br><br>           Plaintiff,<br><br>vs.<br><br>CHEOL HOON LEE, an individual,<br><br>           Defendant. | Case No.: cv 08 2955<br><br>**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**<br><br>**[JURY TRIAL DEMANDED]** |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF

DOCSSFO-12518212.1

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    Plaintiff Clear Channel Outdoor, Inc. ("Clear Channel") alleges as follows:

2

3        1.      This is a complaint for injunctive relief and damages for breach of contract,

4    promissory estoppel, and declaratory relief.

5

6                                        JURISDICTION

7        2.      This Court has jurisdiction over this action under 28 U.S.C. § 1332 because this is a

8    civil action in which the amount in controversy exceeds the sum of $75,000, and is between citizens

9    of different states.

10

11        3.      Clear Channel seeks recovery of an amount in excess of $75,000, exclusive of costs

12    and interest.

13

14        4.      There is complete diversity as between Clear Channel and the Defendant Cheol Hoon

15    Lee ("Defendant"). Clear Channel is a corporation organized under the laws of the State of

16    Delaware with its principal place of business at 2201 East Camelback Rd. Suite 500, Phoenix,

17    Arizona, and therefore, is a citizen of Delaware and Arizona for purposes of determining diversity.

18    28 U.S.C. § 1332(c)(1). Defendant owns the real property at issue in this litigation, located at 2283

19    – 2297 Market Street, San Francisco, California. Clear Channel is informed and believes and

20    thereon alleges that Defendant resides in Hillsborough, California. Defendant is therefore a citizen

21    of California for the purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

22

23                                           VENUE

24        5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant

25    resides in this judicial district and a substantial part of the events giving rise to the alleged claims in

26    this action occurred in this judicial district.

27

28

DOCSSFO-12518212.1

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF

PARTIES

6.      Clear Channel is the successor-in-interest to all right, title and interest in the lease, contracts and other rights referenced herein.

7.      Defendant is the current owner of the real property at 2283 – 2297 Market Street, San Francisco, California (the "Market Street Property"). Clear Channel's outdoor, general advertising sign structure was located on the Market Street Property during the term of the lease in dispute in this case. The Market Street Property and Defendant are and remain subject to this lease.

GENERAL ALLEGATIONS

8.      Clear Channel is in the business of outdoor advertising. It offers advertising on traditional and non-traditional advertising media, including billboard advertising, posters, street furniture, mall/retail advertising, airport advertising and mobile/transit advertising. Clear Channel manages and maintains sign structures for advertising purposes throughout the world, including its sign inventory in San Francisco.

9.      In the course of its business, Clear Channel enters into individual lease agreements with real property owners for the purpose of erecting and maintaining Clear Channel's advertising signs thereon. Clear Channel has invested extensively in creating, maintaining, and promoting goodwill with these real property owners by, among other things, generally agreeing to make certain repairs to the building necessitated by the construction and maintenance of the sign structures at Clear Channel's sole expense. Clear Channel also generally agrees to hold owners harmless for all damages to persons or property by reason of accidents resulting from the negligent acts of Clear Channel agents, employees or others employed in the construction, maintenance, repair or removal of the sign structures.

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF

DOCSSFO-12518212.1

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1          10.    On March 26, 1987, the predecessors-in-interest of Clear Channel as Lessee and

2    Defendant as Lessor entered into a written lease ("the Lease") for the purpose of maintaining

3    advertising signs thereon, including supporting structures, illumination facilities and connections,

4    service ladders and other appurtenances thereon.  The Lease provides in Paragraph 6 that "*all signs,*

5    *structures and improvements placed on the premises by or for the Lessee shall remain the property*

6    *of the Lessee*, and that, notwithstanding the fact that the same constitute real estate fixtures, *Lessee*

7    *shall have the right to remove the same at any time during the term of the Lease, or after the*

8    *expiration of the Lease*" (emphasis added).  The Lease also provides in Paragraph 4 that "Lessee

9    shall have the right to make necessary applications with, and obtain permits from, governmental

10   bodies for the construction and maintenance of Lessee's signs, at the sole discretion of Lessee, all

11   such permits shall always remain the property of Lessee."  A true and correct copy of the Lease is

12   attached hereto as Exhibit **A.**

13

14         11.    Thus, by the terms of the Lease, Defendant expressly acknowledged Clear Channel's

15   ownership of the signs, structures and improvements and its rights, in Clear Channel's sole

16   discretion, to either voluntarily remove (or to not remove ) said signs, structures and improvements

17   at anytime during the Lease or after expiration of the Lease.  Defendant also expressly

18   acknowledged Clear Channel's ownership of and property interest in permits respecting the signs,

19   and Clear Channel's rights to apply for and obtain permits at Clear Channel's sole discretion.

20

21         12.    On September 5, 1997, Clear Channel's predecessor-in-interest and Defendant

22   entered a written letter amendment to the Lease, effective May 15, 1997, whereby the annual rent

23   increased and the parties renewed the Lease for another five year term, among other things.  The

24   letter amendment specified that "[a]ll other terms and conditions of the existing Lease Agreement

25   Dated March 26, 1987 shall remain the same."  A true and correct copy of the September 5, 1997

26   letter amendment is attached hereto as Exhibit **B.**

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1       13.    The Lease (together with the letter amendment) was renewed for a subsequent

2  successive five year term, through May 14, 2007.

3

4       14.    In a letter dated September 5, 2006, Defendant sent a purported notice to Clear

5  Channel, erroneously alleging that the Lease would terminate on December 15, 2006, and

6  threatening that Clear Channel would be liable for a $150,000.00 per week penalty fee for Clear

7  Channel's "unauthorized stay or advertising remaining" past the termination date.  A true and correct

8  copy of the letter is attached hereto as Exhibit **C.**

9

10       15.    Clear Channel honored Defendant's request to terminate the Lease on or before the

11  true termination date – May 14, 2007 – and elected to voluntarily remove the signs, structures and

12  improvements from the Market Street Property before the Lease expired, as was its right under the

13  terms of the Lease.  In accordance with Clear Channel's rights, and pursuant to Defendant's request,

14  Clear Channel applied for a permit to remove the sign structure.  Specifically, and in accordance

15  with the City of San Francisco's Department of Building Inspection (the "DBI") policy and practice,

16  Clear Channel properly applied for a "Building Additions, Alterations or Repairs" permit (the

17  "Removal Permit").

18

19       16.    On May 9, 2007, the DBI approved and issued the Removal Permit in its normal

20  course of business, authorizing Clear Channel to remove its sign structure from the Market Street

21  Property.  A true and correct copy of the Removal Permit is attached hereto as Exhibit **D.**

22

23       17.    On May 11, 2007, Clear Channel began removal of its signs, structures and

24  improvements pursuant to the Removal Permit.  The removal was substantially complete on or

25  before May 21, 2007.

26

27       18.    On May 21, 2007, after Clear Channel had voluntarily removed its sign, structures

28  and improvements, Defendant filed an appeal of the Removal Permit with the Board of Appeals (No.

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF

07-075), seeking rescission of the Removal Permit. A true and correct copy of the notice of appeal is attached hereto as Exhibit **E**.

19.    On October 17, 2007, Defendant's appeal came on for hearing before the Board of Appeals, and the Board upheld Defendant's appeal, thereby rescinding the Removal Permit. During the hearing, however, the Board confined all discussion to the application and issuance of the Removal Permit and did not consider the Lease or any of its terms. Indeed, the Board expressly declined to consider any private agreement between Clear Channel and Defendant, including the Lease, in connection with the appeal.

20.    By virtue of Defendant's statements and actions, Defendant has repudiated Clear Channel's rights by, among other things, falsely claiming that Clear Channel had no authority to obtain the Removal Permit, trespassed on the Market Street Property, had no authority to remove the sign and improperly removed the sign, and must pay penalty fees or other damages to Defendant. All of Defendant's statements and actions are in derogation of Clear Channel's rights to control its personal property and to exercise its rights under the Lease.

## FIRST CLAIM FOR RELIEF
### (Breach of Written Contract)

21.    Clear Channel repeats and re-alleges each and every allegation in the foregoing paragraphs as though fully set forth herein.

22.    Clear Channel has performed all conditions, covenants and promises required to be performed by it in accordance with the terms and conditions of the Lease, except as to those conditions which have been excused.

23.    By reason of Defendant's foregoing acts and omissions, Defendant has wrongfully denied Clear Channel's contractual rights, including among other things Clear Channel's ownership

DOCSSFO-12518212.1

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  of the sign, structures and improvements, Clear Channel's right to obtain the Removal Permit, and

2  Clear Channel's right to voluntarily remove its signs, structures and improvements pursuant to the

3  lawfully issued Removal Permit. Defendant has repudiated his obligations and materially breached

4  his obligations under the Lease.

5

6      24.    The direct and proximate result of Defendant's breaches of the Lease has been and

7  will be to rescind Clear Channel's lawfully issued Removal Permit, thereby extinguishing its

8  property right in the Removal Permit; to injure Clear Channel's goodwill and relations with existing

9  and prospective real property owners/lessors; and to impose substantial expenses on Clear Channel

10  to counteract the aforesaid breaches. Clear Channel has incurred extensive monetary damages in an

11  amount to be proven at the time of trial, but in all events, a sum or value in excess of $75,000,

12  exclusive of interest and costs.

13

14      WHEREFORE, Clear Channel prays for relief as set forth below.

15

16  **SECOND CLAIM FOR RELIEF**
    (Promissory Estoppel)

17

18      25.    Clear Channel repeats and re-alleges each and every allegation in the foregoing

19  paragraphs as though fully set forth herein.

20

21      26.    Defendant explicitly acknowledged Clear Channel's ownership of the signs,

22  structures and improvements at the Market Street Property and its right to voluntarily remove the

23  signs, structures and improvements. Defendant further acknowledged Clear Channel's right obtain

24  permits from governmental bodies respecting Clear Channel's signs, structures and improvements

25  and to act in accordance with the permits. These acts constitute clear and unambiguous promises to

26  allow Clear Channel to obtain the Removal Permit for the purpose of voluntarily removing its signs,

27  structures and improvements, upon which Clear Channel has relied.

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 7 –

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF

DOCSSFO-12518212.1

27.     Defendant has breached its clear and unambiguous promise by ultimately denying Clear Channel's ownership of the signs, structures and improvements at the Market Street Property, its contractual right to obtain the Removal Permit and its sole right to voluntarily remove its signs, structures and improvements.

WHEREFORE, Clear Channel prays for relief as set forth below.

### THIRD CLAIM FOR RELIEF
(Declaratory Relief)

28.     An actual controversy now exists between Clear Channel and Defendant concerning their respective rights, duties and obligations under the Lease, in that Clear Channel asserts: (a) that Clear Channel owns the signs, structures and improvements at the Market Street Property and has the right to voluntarily remove (or to not remove) the signs, structures and improvements at its sole discretion; (b) that Clear Channel has the right to obtain the Removal Permit; (c) that Clear Channel is not liable to Defendant for obtaining the Removal Permit pursuant to its right to voluntarily remove the signs, structures and improvements; (d) that Clear Channel is not liable to Defendant for voluntarily removing its signs, structures and improvements pursuant to the Removal Permit; and (e) that Clear Channel is not liable to Defendant for any other claim for damages or fees, including Defendant's asserted monetary penalties.

29.     Defendant contests each and every assertion by Clear Channel and these issues are ripe for decision.  Clear Channel's potential liability from this controversy shall be proven at the time of trial, but in all events exceeds $75,000, exclusive of interest and costs.

30.     Clear Channel desires a judicial determination and declaration of the parties' respective rights, duties and obligations under the Lease in question.

WHEREFORE, Clear Channel prays for relief as set forth below.

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF

DOCSSFO-12518212.1

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

**PRAYER FOR RELIEF**

2

3       WHEREFORE, Clear Channel prays for relief as follows:

4

5       1.      That judgment be entered in favor of Clear Channel and against Defendant on all

6   claims;

7

8       2.      For an Order declaring that (a) Clear Channel is the sole owner of the signs,

9   structures, and improvements removed from the Market Street Property pursuant to the Removal

10  Permit; (b) Clear Channel has the right to voluntarily remove (or to not remove) the signs, structures

11  and improvements at its sole discretion; (c) Clear Channel has the right to obtain the Removal

12  Permit; (d) the Removal Permit was the property of Clear Channel; (e) Clear Channel is not liable to

13  Defendant for obtaining the Removal Permit pursuant to its rights and voluntarily removing Clear

14  Channel's signs, structures and improvements pursuant to the Removal Permit; and (f) Clear

15  Channel is not liable to Defendant for any other claims, damages or expenses, whether a $150,000

16  per week penalty fee or any other claim in any other amount;

17      3.      For actual damages in an amount to be determined at trial;

18

19      4.      For any attorneys' fees and costs of suit incurred herein;

20

21      5.      For pre-judgment interest according to proof; and

22

23      ///

24

25      ///

26

27      ///

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF

DOCSSFO-12518212.1

6.    For such other relief as the Court deems just and proper.


DATED:  June 3, 2008.

REED SMITH LLP

By_____
Scott D. Baker
James A. Daire
Attorneys for Plaintiff
Clear Channel Outdoor, Inc.

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSSFO-12518212.1

1

# DEMAND FOR JURY TRIAL

2

3        Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Clear Channel Outdoor,

4   Inc. hereby demands a jury trial on all issues triable by a jury.

5

6        DATED:  June ˻ 3, 2008.

7                                          REED SMITH LLP

8                            By

9                                          Scott D. Baker
                                           James A. Daire
10                                         Attorneys for Plaintiff
                                           Clear Channel Outdoor, Inc.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF

DOCSSFO-12518212.1

# EXHIBIT A



# REAL ESTATE LEASE

DATE ___3/30/87___          LEASE # ___15-14115___

1. The undersigned, as Lessor, hereby leases and grant exclusively to PATRICK MEDIA GROUP, INC., (hereinafter called Lessee), the entire roof, walls and surrounding surface of the building and property located at
___Market St & 26th Street, SEC  (100' x 131.54' irreg.)___
___Assessors Block 3559, Lot 14___
in the City of ___San Francisco___
County of ___San Francisco___, in the State of ___California___, commencing on
___December 15___, 19_86_, for the purpose of erecting and maintaining advertising signs theron, including supporting structures, illumination facilities and connections, service ladders and other appurtenances thereon, Lessor gives Lessee access to the roof and such other portions of the building and property as may be necessary in order to erect and/or service the sign(s).

2. Lessor grants Lessee the right to use and alter such portions of the building as may be necessary for the bracing, support, or maintenance of its signs, the right to illuminate the signs (including installation of necessary electrical fixtures and connections), and the right to make construction inspection and access for servicing of signs as may be necessary, of the building or any part thereof. Lessee shall, at its own expense, after it constructs its signs, make such repairs to the exterior roof or exterior walls as are necessitated by its use of the roof or walls in the construction or maintenance of the signs. Lessor will not erect, or permit to be erected, any sign that may extend above the parapet wall of Lessor's building.

3. Lessee shall pay Lessor rental of ___Six Thousand and no/100___ ($ 6,000.00 ) Dollars per year, payable in monthly installments, beginning on the completion of construction of Lessee's signs. During the period prior to completion of construction and for the entire period during which no advertising copy is displayed on the property by Lessee, the rental shall be Ten ($10.00) Dollars.

4. Lessor warrants that Lessor is the ___owner___ of the above-described real estate and has full authority to make this agreement; and the Lessee shall have the right to make any necessary applications with, and obtain permits from, governmental bodies for the construction and maintenance of Lessee's signs, at the sole discretion of Lessee. All such permits shall always remain the property of Lessee.

5. Lessee shall save the Lessor harmless from all damage to persons or property by reason of accidents resulting from the negligent acts of its agents, employees and others employed in the construction, maintenance, repair or removal of its signs on the property.

6. This agreement is a Lease (not a License), and all signs, structures and improvements placed on the premises by or for the Lessee shall remain the property of the Lessee, and that, not withstanding the fact that the same constitute real estate fixtures, Lessee shall have the right to remove the same at any time during the term of the Lease, or after the expiration of the Lease.

7. The term of this Lease will be ___five (5)___ years commencing on the date set forth above. This lease shall continue in full force and effect for its term and thereafter for subsequent successive like terms unless terminated at the end of such term or any successive like term upon written notice by the Lessor or Lessee served not less than ninety (90) days before the end of such term or subsequent like term, provided that Lessee shall have the right to terminate the Lease at the end of any sixty day period upon written notice to Lessor served not less than (60) days prior to the end of such sixty day period.

8. In the event of condemnation of the subject premises or any part thereof by proper authorities, or relocation of the highway, the Lessor grants to the Lessee the right to relocate its display(s) on Lessor's remaining property adjoining the condemned property or the relocated highway. Any condemnation award for Lessee's property shall accrue to Lessee.

9. In the event that (a) any of Lessee's signs on the premises become entirely or partially obstructed or destroyed; (b) the premises cannot safely be used for the erection or maintenance of Lessee's signs thereon for any reason; (c) the value of the location for advertising purposes becomes diminished; (d) the view of Lessee's signs are obstructed or impaired in any way by any object or growth on any property or on any neighboring property owned or controlled by Lessor; (e) the Lessee is unable to obtain any necessary permit for the erection and/or maintenance of such sign(s) as the Lessee may desire; (f) the Lessee be prevented by law from construction and/or maintaining on the premises such signs(s) as the Lessee may desire; then the Lessee, may at its option, adjust the rent in proportion to the decreased value of the premises for advertising purposes, or may terminate the Lease on fifteen(15) days' notice in writing. Lessor agrees thereupon to return to the Lessee any rent paid in advance for the unexpired term.

10. If Lessee is prevented by law, government order, or other causes beyond Lessee's control from illuminating its signs, the Lessee may reduce the rental provided by paragraph 3 by one-half (½), with such reduced rental to remain in effect so long as such condition continues to exist. Lessee agrees to pay all electrical power costs used by the signs.

11. This Lease shall constitute the sole agreement of the parties relating to the premises. Neither party will be bound by any terms, oral or written, not set forth specifically in this Lease. This Lease is binding upon and inures to the benefit of the heirs, executors, successors, and assigns of Lessee and Lessor.

12. All rents to be paid pursuant to this Lease, and all notices are to be forwarded to the undersigned Lessor at the address noted below the Lessor's signature.

EXECUTED by the Lessor in the presence of ___JUDY CARROL___ who is hereby requested to sign as witness.

WITNESS: _____          LESSOR(S)
                                          By: _____

ACCEPTED: PATRICK MEDIA GROUP, INC.            PAUL A. SWERDLOVE
                                               257 S. REEVES DR.
BY: _____          Address: _____

# EXHIBIT B



**ELLER**
MEDIA COMPANY

September 5, 1997

Dr. Cheol Hoon Lee
C/O Mr. Tony Lee
1 Parker Avenue
San Francisco, CA 94118

RE: Lease #15-14115, San Francisco
    Market St. SL 25' E/O 16th St.

Dear Mr. Lee:

This letter is in reference to your conversation with David
Sweeney, our Real Estate Supervisor, regarding the
advertising structure located on the above described
property.

Eller Media Company is agreeable to increasing the annual
rental to $6,600.00, payable monthly, effective May 15, 1997.
Effective May 15, 1998, and for each year thereafter, the
annual rental shall be increased by ~~three percent (3%)~~. The
term of this agreement shall be five (5) years. FIVE PERCENT (5%).

Lessor shall have the right to terminate the Lease at any
time during the period of the Lease if Lessor is to improve
the unimproved property by razing the building and erecting
thereon a permanent, private, commercial, or residential
building. Lessee shall remove its sign within sixty (60) days
after receipt of a copy of the applicable building permit.
The Lessor will, upon giving such notice of building, return
to Lessee all rent paid for the unexpired term. If the Lessor
fails to commence the erection of the building within sixty
(60) days after Lessee removes its signs, Lessee shall again
have the right to occupy the premises and maintain
advertising signs subject to the provisions of the Lease.

Lessee shall maintain in good repair all of its fixtures upon
the property and shall hold Lessor harmless from any losses
or damage resulting from Lessee's failure to maintain such
fixtures.

In the event a governmental agency requires improvements to
the building, Lessee shall have the right to pay for those
improvement costs directly associated with its fixtures, or
terminate the Lease upon thirty (30) days written notice.



NORTHERN CALIFORNIA DIVISION
1601 MARITIME STREET, OAKLAND, CALIFORNIA 94607
(510) 835-5900    FAX (510) 835-1024

All other terms and conditions of the existing Lease Agreement dated March 26, 1987 shall remain the same.

If this agreement meets with your approval, please have the original of this letter signed and returned to this office for processing. The copy is to be retained for your records.

Please contact David Sweeney at (510) 835-5900 with any other questions. Thank you for your consideration in this matter.

Sincerely,

David McWalters
Manager
Real Estate Department


**ACCEPTED   AND   APPROVED:**

Dr. Cheol Hoon Lee                    11/18/97

# EXHIBIT C

Dr. Cheol Hoon Lee
c/o Tony H. Lee
PO Box 411473
San Francisco, CA 94141
Work:    510-587-0601
Mobile:  917-664-3122

September 5, 2006

Patrick Powers
Real Estate Manager
Clear Channel Outdoor
555 12th Street, Suite 950
Oakland, CA 94607

Re:    Lease #15-14115
       Market Street & 16th Street
       SEC (100'x131.54' irreg.)
       Assessors Block 3559, Lot 14

Dear Mr. Powers:

Approximately two years ago, per our contract, I sent a letter to Clear Channel notifying
the company to terminate the above mentioned lease at the end of this term. This letter is
final notice, closer to the termination date of our lease contract of December 15, 2006, to
terminate this lease.

Please note that the termination date of our lease and the date you must remove any
advertising, per the lease contract, is December 15, 2006. This letter also documents and
serves as notice that the May 15, 2007 date that is mentioned in your company's letter
dated September 5, 1997 is not the termination date of our lease/term, but as exactly
stipulated in this letter the "effective date" you are "agreeable to increasing the annual
rental to $6,600.00, payable monthly" and that the term of singularly this new rate is
effective for five years, none of this having any consequence or change to the actual term
itself. Your letter dated September 5, 1997 also stipulates "all other terms and conditions
of the existing Lease Agreement dated March 26, 1987 shall remain the same."

**Should you continue to stay, without authorization written and dated by us post this
letter, or advertising remain after December 15, 2006, this letter serves as notice
that the rate or penalty for unauthorized stay or advertising remaining is
$150,000.00 per week (U.S. currency), payable each week and in advance, due until
all advertising is removed.** Should you determine/insist the correct termination date of
our lease is May 15, 2007, please continue to advertise until this date and we can
eventually pursue proper channels to determine actual, legal proper termination date.
Should December 15, 2006 be legally deemed as the actual, proper termination date of
this lease and you have continued stay or advertising remain post December 15, 2006, we

will proceed with collecting the accrued amount/rate mentioned above in this paragraph to date advertising is removed, fractions of weeks prorated daily.

Please note this letter has been served to you not less than ninety (90) days before the end of the subsequent like/present term and in significant advance of the December 15, 2006 lease termination date.

Please call should you have any questions.  Thanks you in advance for your cooperation.

Sincerely,

Dr. Cheol Hoon Lee

# EXHIBIT D

APPROVED
Dept. of Building Insp.

MAY 09 2007

*No Violations* [signature] ISAM HASENIN, P.E., C.B.O.
DIRECTOR/CHIEF BUILDING OFFICIAL
DEPT. OF BUILDING INSPECTION

APPROVED FOR ISSUANCE    MAY 09 2007 — A.H.

APPLICANT NUMBER    20070505070808

OSHA APPROVAL REQ'D    APPROVAL NUMBER

## APPLICATION FOR BUILDING PERMIT
### ADDITIONS, ALTERATIONS OR REPAIRS

FORM 3 ☑ OTHER AGENCIES REVIEW REQUIRED

FORM 8 ☐ OVER-THE-COUNTER ISSUANCE

2 NUMBER OF PLAN SETS

### CITY AND COUNTY OF SAN FRANCISCO
### DEPARTMENT OF BUILDING INSPECTION

APPLICATION IS HEREBY MADE TO THE DEPARTMENT OF
BUILDING INSPECTION OF SAN FRANCISCO FOR
PERMISSION TO BUILD IN ACCORDANCE WITH THE PLANS
AND SPECIFICATIONS SUBMITTED HEREWITH AND
ACCORDING TO THE DESCRIPTION AND FOR THE PURPOSE
HEREINAFTER SET FORTH.
▼ DO NOT WRITE ABOVE THIS LINE ▼

| DATE FILED 5/9/2007 | FILING FEE RECEIPT NO. | (1) STREET ADDRESS OF JOB 2283-3297 Market St. | BLOCK & LOT 3557/014 |
| PERMIT NO. 119560 | ISSUED 0509-07 | (2) ESTIMATED COST OF JOB $1,000/- | (2A) REVISED COST $5,000.00 - H.W. 5-9-07 DATE: |

### INFORMATION TO BE FURNISHED BY ALL APPLICANTS
### LEGAL DESCRIPTION OF EXISTING BUILDING

| (4A) TYPE OF CONSTR. 3-N | (5A) NO. OF STORIES OF OCCUPANCY 1 | (6) NO. OF BASEMENTS AND CELLARS | (7A) PRESENT USE: Commercial + Sign | (8) OCCUP. CLASS B B | (8A) NO. OF DWELLING UNITS |

### DESCRIPTION OF BUILDING AFTER PROPOSED ALTERATION

| (4) TYPE OF CONSTR. 3-N | (5) NO. OF STORIES OF OCCUPANCY 1 | (6) NO. OF BASEMENTS AND CELLARS | (7) PROPOSED USE (LEGAL USE) Commercial | (8) OCCUP. CLASS B B | (9) NO. OF DWELLING UNITS |

| (10) AUTO RUNWAY TO BE CONSTRUCTED OR ALTERED? YES ☐ NO ☐ | (11) WILL STREET SPACE BE USED DURING CONSTRUCTION? YES ☐ NO ☐ | (12) ELECTRICAL WORK TO BE PERFORMED YES ☐ NO ☐ | (13) PLUMBING WORK TO BE PERFORMED YES ☐ NO ☐ |

| (14) GENERAL CONTRACTOR Unknown | ADDRESS | PHONE | CALIF. LIC. NO. | EXPIRATION DATE |

| (15) OWNER - LESSEE (CROSS OUT ONE) Clear Channel Outdoor, 555 Oakland CA 94607 | STK# | PHONE (FOR CONTACT BY DEPT.) 415-642-7722 |

(16) WRITE IN DESCRIPTION OF ALL WORK TO BE PERFORMED UNDER THIS APPLICATION (REFERENCE TO PLANS IS NOT SUFFICIENT)

Voluntary removal, razing and demolition of non-conforming/
non-complying general advertising sign per planning code sec 181 (c),
188 (b) and 604(b) once commenced; demolition should be completed
within a reasonable time.

### ADDITIONAL INFORMATION

| (17) DOES THIS ALTERATION CREATE ADDITIONAL HEIGHT OR STORY TO BUILDING? YES ☐ NO ☐ | (18) IF (17 IS YES, STATE) NEW HEIGHT AT CENTER LINE OF FRONT FT. | (19) DOES THIS ALTERATION CREATE DECK OR HORIZ. EXTENSION TO BUILDING? YES ☐ NO ☐ | (20) IF (19) IS YES, STATE NEW GROUND FLOOR AREA SQ. FT. |
| (21) WILL SIDEWALK OVER SUB-SIDEWALK SPACE BE REPAIRED OR ALTERED? YES ☐ NO ☐ | (22) WILL BUILDING EXTEND BEYOND PROPERTY LINE YES ☐ NO ☐ | (23) ANY OTHER EXISTING BLDG. ON LOT? IF YES, SHOW ON PLOT PLAN YES ☐ NO ☐ | (24) DOES THIS ALTERATION CONSTITUTE A CHANGE OF OCCUPANCY? YES ☐ NO ☐ |
| (25) ARCHITECT OR ENGINEER (DESIGN) ☐ CONSTRUCTION ☐ Santos x. Urrutia, 2851 Harrison St. SF CA | ADDRESS | CALIF. CERTIFICATE NO. 8294 |

(26) CONSTRUCTION LENDER (ENTER NAME AND BRANCH DESIGNATION) IF ANY, IF THERE IS NO KNOWN CONSTRUCTION LENDER, ENTER "UNKNOWN" | ADDRESS

### IMPORTANT NOTICES

No change shall be made in the character of the occupancy or use without first obtaining a Building Permit authorizing such change. See San Francisco Building Code and San Francisco Housing

...ion of building or structure or scaffolding used during construction, to be closer than 6'0" or ...ive containing more than 750 volts See Sec 385, California Penal Code.

Pursuant to San Francisco Building Code, the building permit shall be posted on the job. The owner is responsible for approved plans and application being kept at building site.

Grade lines as shown on drawings accompanying this application are assumed to be correct. If actual grade lines are not the same as shown revised drawings showing correct grade lines, cuts and fills together with complete details of retaining walls and wall footings required must be submitted to this department for approval.

ANY STIPULATION REQUIRED HEREIN OR DEED MAY BE APPEALED.

BUILDING NOT TO BE OCCUPIED UNTIL CERTIFICATE OF FINAL COMPLETION IS POSTED ON THE BUILDING OR PERMIT OF OCCUPANCY GRANTED, WHERE REQUIRED.

APPROVAL OF THIS APPLICATION DOES NOT CONSTITUTE AN APPROVAL FOR THE ELECTRICAL WIRING OR PLUMBING INSTALLATIONS. A SEPARATE PERMIT FOR THE WIRING AND PLUMBING MUST BE OBTAINED. SEPARATE PERMITS ARE REQUIRED IF ANSWER IS "YES" TO ANY OF ABOVE QUESTIONS (10) (11) (12) (13) (22) OR (24).

THIS IS NOT A BUILDING PERMIT. NO WORK SHALL BE STARTED UNTIL A PERMIT IS ISSUED.

In dwellings all insulating materials must have a clearance of not less than two inches from all electrical wires or equipment.

CHECK APPROPRIATE BOX
☐ OWNER    ☐ ARCHITECT
☐ LESSEE    ☐ AGENT
☐ CONTRACTOR ☐ ENGINEER

### APPLICANT'S CERTIFICATION
I HEREBY CERTIFY AND AGREE THAT IF A PERMIT IS ISSUED FOR THE CONSTRUCTION DESCRIBED IN THIS APPLICATION, ALL THE PROVISIONS OF THE PERMIT AND ALL LAWS AND ORDINANCES THERETO WILL BE COMPLIED WITH.

§003-03 (REV. 1/02)

### NOTICE TO APPLICANT

HOLD HARMLESS CLAUSE. The permittee(s) by acceptance of the permit, agree(s) to indemnify and hold harmless the City and County of San Francisco from and against any and all claim, demands and actions for damages resulting from operations under this permit, regardless of negligence of the City and County of San Francisco, and to assume the defense of the City and County of San Francisco against all such claims, demands or actions.

In conformity with the provisions of Section 3800 of the Labor Code of the State of California, the applicant shall have coverage under (I), or (II) designated below or shall indicate item (III), or (IV), or (V), whichever is applicable, If however item (IV) is checked item (IV) must be checked as well. Mark the appropriate method of compliance below.

I hereby affirm, under penalty of perjury one of the following declarations;

( ) I. I have and will maintain a certificate of consent to self-insure for worker's compensation, as provided by Section 3700 of the Labor Code, for the performance of the work for which the permit is issued.

( ) II. I have and will maintain workers' compensation insurance, as required by Section 3700 of the Labor Code, for the performance of the work for which this permit is issued. My workers' compensation insurance carrier and policy number are:
Carrier
Policy Number

( ) III. The cost of the work to be done is $100 or less.

( ) IV. I certify that in the performance of the work for which this permit is issued, I shall not employ any person in any manner so as to become subject to the workers' compensation laws of California. I further acknowledge that I understand that in the event that I should become subject to the workers' compensation provisions of Section 3800 of the Labor Code, that this permit shall be deemed revoked.

( ) V. I certify as the owner (or the agent for the owner) that in the performance of the work for which this permit is issued, I will employ a contractor who complies with the workers' compensation laws of California and who, prior to the commencement of any work, will file a completed copy of this form with the Central Permit Bureau.

[signature]    5/9/2007
Date

CONDITIONS AND STIPULATIONS

REFER
TO: Contact the district building inspec___ at the start of _____. For plumbing ____ call 558-6096. For plumbing inspection scheduling call 558 -6054, for electrical inspection scheduling call 558-6030. This application is approved without site inspection, detailed plumbing or electrical plan review and does not constitute an approval of the building. Work authorized must be done in strict accordance with all applicable codes. Any electrical or plumbing work shall require appropiate separate permits.

MARK WALLS, DBI

MAY 09 2007

BUILDING INSPECTOR, DEPT. OF BLDG. INSP.

DATE: _____
REASON: _____

NOTIFIED MR. _____

APPROVED:

As per application (plans partly photos) to Remove existing 2 faced general advertising roof top Sign. Visibility work.

OFFICIAL COPY    Kevin ___

DATE: _____
REASON: _____
5/9/07
NOTIFIED MR. _____

APPROVED:

N/A

M.W.

MARK WALLS, DBI

MAY 09 2007

BUREAU OF FIRE PREVENTION & PUBLIC SAFETY

DATE: _____
REASON: _____

NOTIFIED MR. _____

APPROVED:

MECHANICAL ENGINEER, DEPT. OF BLDG. INSPECTION

DATE: _____
REASON: _____

NOTIFIED MR. _____

APPROVED:

CIVIL ENGINEER, DEPT. OF BLDG. INSPECTION

DATE: _____
REASON: _____

NOTIFIED MR. _____

APPROVED:

N/A; Applicant declined Street Space at this time.

BSM    EPT    5/9/07

STRUCTURAL ENGINEER

DATE: _____
REASON: _____

NOTIFIED MR. _____

APPROVED:

N/A

M.W.

MARK WALLS, DBI

MAY 09 2007

DEPARTMENT OF PUBLIC HEALTH

DATE: _____
REASON: _____

NOTIFIED MR. _____

APPROVED:

REDEVELOPMENT AGENCY

DATE: _____
REASON: _____

NOTIFIED MR. _____

APPROVED:

HOUSING INSPECTION DIVISION

DATE: _____
REASON: _____

NOTIFIED MR. _____

HOLD SECTION - NOTE DATES AND NAMES OF ALL PERSONS NOTIFIED DURING PROCESSING

I agree to comply with all conditions or stipulations of the various bureaus or departments noted on this application, and attached statements of conditions or stipulations, which are hereby made a part of this application.

Number of attachments: _____

OWNER'S AUTHORIZED AGENT

# EXHIBIT E

**City and County of San Francisco**                    **Board of Appeals**



May 21, 2007


Clear Channel Outdoor, Permit Holder(s)
c/o Jared Eigerman, Attorney for Permit Holder(s)
One Bush Street #600
SF, CA 94104

|                    |                          |
|--------------------|--------------------------|
| Appeal No(s):      | **07-075**               |
| Appeal Title:      | **Lee vs. DBI, PDA**     |
| Subj. Property:    | **2283-2297 Market Street** |
| Application No(s): | **2007/05/09/0828**      |
| Application Type(s): | **Alteration**         |

Dear Permit Holder(s):

This is to notify you that an appeal has been filed with this office protesting the issuance of the
above-referenced permit(s).  Pursuant to Article I, § 8 of the San Francisco Business & Tax
Regulations Code, your permit(s) is/are hereby **suspended** until the Board of Appeals decides
this matter and releases a notice of decision and order.

We are enclosing a copy of the **Preliminary Statement(s) of Appeal** for your information.

The hearing regarding this matter has been scheduled for **Wednesday, August 29, 2007,
5:00 pm, City Hall, Room 416**, One Dr. Carlton B. Goodlett Place.

The Board encourages permit holders to meet with appellants prior to the hearing to clarify
project plans and to narrow the issues.  If you have any further questions, you may call this
office at (415) 575-6880.

Yours truly,

Robert H. Feldman
Executive Secretary


RHF: vfp, enclosures

cc:    DBI PCD (if applicable),  DBI BID (if applicable),  DBI CPB (if applicable),
DBI    HID    (if    applicable),    DBI    Records    Management    (if    applicable),
Planning    Dept.    (if    applicable),    Redevelopment    Agency    (if    applicable),
& Appellant(s) w/o enclosures

Cheol Hoon Lee & Tony Lee, Appellant(s)
c/o Brett Gladstone, Attorney for Appellant(s)
177 Post Street, Penthouse
SF, CA 94108

## BOARD OF APPEALS, CITY & COUNTY OF SAN FRANCISCO

Appeal of                                                          Appeal No. 07-075
CHEOL HOON LEE & TONY LEE,
                                    Appellant(s)    )
                    vs.                             )
                                                    )
DEPT. OF BUILDING INSPECTION,                       )
PLANNING DEPT. APPROVAL           Respondent(s)

### NOTICE OF APPEAL

**NOTICE IS HEREBY GIVEN THAT** the above named appellant(s) appeals to the Board of Appeals of the City and County of San Francisco from the decision or order of the above named department(s), commission, or officer.

The substance or effect of the decision or order appealed from is the issuance on May 9, 2007, to Clear Channel Outdoor, Permit to Alter a Building (on commercial building: voluntary removal, razing and demolition of non-conforming/non-complying general advertising sign per Planning Code §§ 181(b), 188(b), and 604 (b); once commenced, demolition should be completed within a reasonable time) at 2283-2297 Market Street.

### APPLICATION NO. 2007/05/09/0828

| Address & Tel. of Appellant(s): | Address & Tel. of Permit Holder(s): |
|---|---|
| Cheol Hoon Lee & Tony Lee, Appellant(s) c/o Brett Gladstone, Attorney for Appellant(s) 177 Post Street, Penthouse SF, CA 94108 415.434.9500 (tel) | Clear Channel Outdoor, Permit Holder(s) c/o Jared Eigerman, Attorney for Permit Holder(s) One Bush Street #600 SF, CA 94104 415.567.9000 (tel) |

I, _____ Tony Lee _____ declare under penalty of perjury that the foregoing is true and correct.

Entered on _____ May 21, 2007 _____ at San Francisco, California.

FOR HEARING ON _____ August 29, 2007 _____.

Appellant or Agent