1  LUKENS LAW GROUP
2  WILLIAM M. LUKENS (State Bar No.: 037196)
   wlukens@lukenslaw.com
3  JENNIFER L. JONAK (State Bar No.: 191323)
   jjonak@lukenslaw.com
4  One Maritime Plaza, Suite 1600
   San Francisco, CA  94111
5  Telephone: (415) 433-3000
   Facsimile: (415) 781-1034
6
7  Attorneys for Defendant Cheol Hoon Lee

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                     SAN FRANCISCO DIVISION

11

12

13  CLEAR CHANNEL OUTDOOR, INC., a
    Delaware Corporation,                       CASE NO.  08-CV-2955 PJH
14
             Plaintiff,                          **REQUEST FOR JUDICIAL NOTICE
15                                               IN SUPPORT OF DEFENDANT'S
       v.                                        MOTION TO DISMISS AND
16                                               STRIKE**
    CHEOL HOON LEE, an individual,
17
             Defendant.
18
19                                               Date: September 10, 2008
                                                 Time: 9:00 a.m.
20                                               Dep't: Courtroom 3, 17th Floor
                                                 Judge: Honorable Phyllis J. Hamilton
21

22

23

24        Defendant Cheol Hoon Lee hereby respectfully requests that this Court to take judicial

25  notice, pursuant to Federal Rule of Evidence 201, of the documents attached hereto as Exhibits 1

26  and 2.

27        Judicial notice of matters of public record, such as other judicial proceedings and

28  pleadings filed therein, is proper and does not convert this motion into one for summary

Lukens Law Group
One Maritime Plaza, Suite 1600
San Francisco, CA 94111

judgment. *See, e.g., Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1198 (9th Cir. 1988);

*Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000). Judicial notice is also appropriate for records

and reports of administrative bodies. *Interstate Natural Gas Co. v. S. Cal. Gas Co.,* 209 F.2d

380, 385 (9th Cir.1953).

By this Request for Judicial Notice, and Defendant's memorandum in support of his

Motion to Dismiss and Strike, these documents have been brought to the attention of this Court,

and Plaintiff has been given ample opportunity to consider them.

The documents of which Defendant seeks judicial notice are as follows:

1.      Exhibit 1, a true and correct copy of the Notice of Decision and Order in the matter

of *Cheol Hoon Lee and Tony Lee vs. Dept. of Building Inspection*, Board of Appeals for

the City and County of San Francisco Appeal No. 01-075, including the March 19, 2008

Findings attached thereto.

2.      Exhibit 2, a true and correct copy of the document entitled Petition for Writ of

Mandate Relating to Clear Channel Outdoor, Inc.'s Advertising Sign at 2283-2297 Market

Street, filed on June 16, 2008 in the Superior of California for the City and County of San

Francisco, Case No. CPF-08-508443.

DATED:  August 6, 2008          Respectfully submitted,

LUKENS LAW GROUP
WILLIAM M. LUKENS
JENNIFER L. JONAK

By:  _____/s/ Jennifer L. Jonak_____
Jennifer L. Jonak
Attorneys for Defendant Cheol Hoon Lee

EXHIBIT 1

## BOARD OF APPEALS, CITY & COUNTY OF SAN FRANCISCO

Appeal of                                                                                    Appeal No. 07-075
CHEOL HOON LEE & TONY LEE,
        Appellant(s) )
    vs.         )
             )
DEPT. OF BUILDING INSPECTION,
PLANNING DEPT. APPROVAL    Respondent(s) )

## NOTICE OF APPEAL

**NOTICE IS HEREBY GIVEN THAT** the above named appellant(s) appeals to the Board of Appeals of the City and County of San Francisco from the decision or order of the above named department(s), commission, or officer.

The substance or effect of the decision or order appealed from is the issuance on May 9, 2007, to Clear Channel Outdoor, Permit to Alter a Building (on commercial building: voluntary removal, razing and demolition of non-conforming/non-complying general advertising sign per Planning Code §§ 181(b), 188(b), and 604 (b); once commenced, demolition should be completed within a reasonable time) at 2283-2297 Market Street.

## APPLICATION NO. 2007/05/09/0828

| Address & Tel. of Appellant(s): | Address & Tel. of Permit Holder(s): |
|---|---|
| Cheol Hoon Lee & Tony Lee, Appellant(s) c/o Brett Gladstone, Attorney for Appellant(s) 177 Post Street, Penthouse SF, CA 94108 415.434.9500 (tel) | Clear Channel Outdoor, Permit Holder(s) c/o Jared Eigerman, Attorney for Permit Holder(s) One Bush Street #600 SF, CA 94104 415.567.9000 (tel) |

I, _____ Tony Lee _____ declare under penalty of perjury that the foregoing is true and correct.

Entered on _____ May 21, 2007 _____ at San Francisco, California.

FOR HEARING ON _____ August 29, 2007 _____.

             Appellant or Agent

## NOTICE OF DECISION & ORDER

The aforementioned matter came on regularly for hearing before the Board of Appeals of the City & County of San Francisco on October 17, 2007, and the order was **OVERRULED** by the Board of Appeals.

**PURSUANT TO** § 4.106 of the Charter of the City & County of San Francisco and Article 1, § 14 of the Business & Tax Regulations Code of the said City & County, and the action above stated, the Board of Appeals hereby orders

that the issuance of the subject permit is **OVERRULED**, and the Department of Building Inspection is hereby ordered and directed to **REVOKE** the subject permit, with **FINDINGS**.

**SAID FINDINGS WERE ADOPTED BY THE BOARD ON MARCH 19, 2008 AND ARE ATTACHED.**

BOARD OF APPEALS                    Last Day to Request Rehearing:  Oct. 29, 2007
CITY & COUNTY OF SAN FRANCISCO       Request for Rehearing:  Mar. 19, 2008 (denied)
             Rehearing:  None
            Notice Released:  March 26, 2008

Michael L. Garcia, President

If this decision is subject to review under **Code of Civil Procedure** § 1094.5, then the time within which judicial review must be sought is governed by California Code of Civil Procedure § 1094.6.

# BOARD OF APPEALS

# CITY & COUNTY OF SAN FRANCISCO

Appeal No(s). 07-075

CHEOL HOON LEE & TONY LEE,                                      )
                                          Appellant(s)   )
                                                                )
                            vs.                                  )
                                                                )
DEPT. OF BUILDING INSPECTION,                          )
PLANNING DEPARTMENT APPROVAL          Respondent

On October 17, 2007 and March 19, 2008, this Appeal 07-075 by Dr. Cheol Hoon (Thomas) and

Buja (Maria) Lee ("Appellants") of the issuance of Building Permit No.2007/05/09/0828

("Building Permit") authorizing the removal of a general advertising sign located at 2283-2297

Market Street, came before duly noticed hearings of the Board of Appeals.

Having heard all the public testimony and reviewed the record in this matter, the Board of

Appeals hereby grants the appeal, overturns the Department of Building Inspection, confirms

Appellants' right to reinstall and to display general advertising signage at the Property, and

authorizes revision of the Building Permit, based on the following findings:

## **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

1. Appellants are the owners of property located at the southeast corner of Market and 16th

   Streets in San Francisco, known as 2283-2297 Market Street (the "Property").

2. Permit Holder Clear Channel Outdoor, Inc. ("Clear Channel") is an outdoor advertising

   company that is the successor in interest to Patrick Media Group, Inc., for a lease

   executed on December 15, 1987 to display general advertising at the Property.

1

3. Based on uncontroverted evidence in the record, including a lease dated 1938 between Mabel Lazear [sic], Appellants' predecessors in interest, and Foster and Kleiser, Clear Channel's predecessor in interest, we find that general advertising signs have been located at the Property for nearly seventy years. At the time the Building Permit was issued, general advertising on the Property was a lawful non-conforming use and the signage a lawful non-complying structure(s) under Proposition G (Planning Code Section 611(a)).

4. In the spring of 2007, Appellants informed Clear Channel that its lease, which was expiring in May 2007, would not be renewed.

5. On May 9, 2007, Clear Channel, through its agent, Santos and Urrutia Structural Engineers ("Santos"), applied for and obtained the Building Permit that is the subject of this Appeal, for work described as "voluntary removal, razing and demolition of non-conforming/ non-complying general advertising sign per Planning Code see 181(b), 188(b) and 604(b)...". Santos did not properly complete the portions of the Building Permit Application or Agent Authorization Form that would have shown whether the applicant had authority to obtain the permit as agent of Appellants, but the Department of Building Inspection overlooked the omissions and issued the Building Permit. Neither Clear Channel nor Santos notified Appellants that the face of the Building Permit purported to be a "voluntary" surrender of Appellant's non-conforming use on the Property.

6. Clear Channel substantially removed the sign structure at the Property on Friday and Saturday, May 11, 2007 and May 12, 2007, completing repairs to the roof on May 18,

2

2007. All of the work was accomplished during the 15-day period to appeal the issuance of a building permit to the Board of Appeals.

7.  Based on the credible evidence submitted by Appellants, we find that Appellants intended that Clear Channel remove its signage in order for Appellants to lease the space to a different tenant. Appellants did not intend to "voluntarily" forfeit the right to future use of the rooftop for general advertising. Clear Channel and Santos did not show Appellants the application for the Building Permit, Appellants did not authorize the application, and Appellants did not agree to any permit to "voluntarily" surrender Appellants' rights to display signage at the Property.

8.  On May 21, 2007, Appellants timely filed this Appeal of the Building Permit.

9.  In *Pocoroba*, this Board concluded that the right to display general advertising signs on a property belongs to the property owner, that the removal of a legal non-complying general advertising sign structure without the consent of a property owner does not constitute removal or destruction of the non-conforming use, and that restoration of a general advertising sign structure removed without the consent of a property owner would not constitute a new general advertising sign under Proposition G (Planning Code Section 611(a)). (*Clear Channel Outdoor v. Dept. of Building Inspection (Pocoroba)*, Appeal No. 03-036, (Oct. 8, 2003); Accord. *Clear Channel Outdoor, Inc. v. Suckle, et al*, SF Superior Court No. 428537, August 31, 2005).

10. On June 20, 2006, the Board of Supervisors passed Ordinance 140-06, which amended certain provisions of the Planning Code that were in effect when we decided *Pocoroba*.

3

11. In a public opinion dated September 5, 2007, the City Attorney concluded that, by its
"plain language," Ordinance 140-06 reversed this Board's 2003 *Pocoroba* decision and
vested the right to maintain a nonconforming use in the tenant sign company and not the
property owner. The Planning Department concurs with the City Attorney's opinion. For
the reasons set forth below, we disagree.

12. It is not within our jurisdiction to decide whether or not the Board of Supervisors can
lawfully legislate to divest a property owner of its valuable, income-producing non-
conforming use by awarding control of the use to a pre-existing tenant. However, as
explained more fully below, we find that the amendments to Planning Code Section
604(h) set forth in Ordinance 140-06 do not "plainly" do so- and that the meaning of the
amendments in fact is not at all clear.

13. *Pocoroba* was decided under Planning Code Section 604(h), which provided, in pertinent
part, "*A sign which is voluntarily destroyed or removed by its owner or which is required
by law to be removed may be restored only in full conformity with the provisions of [the
Planning Code]...*" Under *Pocoroba*, the "sign...owner" in Planning Code Section 604(h)
whose voluntary action will extinguish the right to display general advertising is the owner
of the property, not the tenant general advertising sign company.

14. Although Clear Channel and the City Attorney contend that Ordinance 140-06 reversed
*Pocoroba*, the Planning Code language we relied on has not changed. Ordinance 140-
06 added the following sentence: "*A general advertising sign that has been removed shall
not be reinstalled, replaced, or reconstructed at the same location, and the erection
construction, and or installation of a general advertising sign at that location to replace
the previously existing sign shall be deemed a new sign in violation of [Proposition G]
...provided that this prohibition shall not prevent a general advertising sign from being*

4

relocated to that location pursuant to a Relocation Agreement [as provided in Ordinance 140-06]." We find this language, especially the passive voice phrase "*that has been removed,*" at best unclear. If this phrase modifies the previous sentence, then the unstated "subject" removing entity is the property owner undertaking a voluntary act. If the passive voice phrase means ANY removal of a sign structure- lawful or unlawful; intended or inadvertent, by any person, then the vague passive phrase works a reversal not only of *Pocoroba*, but of long standing land use principles that recognize the right to continue a non-conforming use until it is voluntarily terminated, and establishes an apparently unprecedented right in a discontented tenant to forfeit the rights of its landlord. A more likely interpretation is that the added sentence refers to voluntary removal by the holder of the lawful right to the signage, which, under *Pocoroba*, is the owner of the real property.

15. Had the Board of Supervisors intended to reverse *Pocoroba*, it could easily have inserted the phrase "the general advertising sign structure" before "owner" in place of "its" in the phrase "*A sign which is voluntarily destroyed or removed by its owner*" to express that intent. This would have been consistent, for example, with drafting decisions elsewhere in Ordinance 140-06, which clearly distinguishes between the owner of a general advertising sign structure, on the one hand, and the owner of the property on which the sign is located. (See, for example, Section 2 (adding Admin. Code Section 2.21(b)(3)) of Ordinance 140-06). Given the clarity in language identifying ownership in other parts of the amendments, we cannot agree with the City Attorney that the meaning of the amendments to Section 604(h) is at all "plain".

16. Because we find the amendments to Section 604(h) ambiguous, we have exercised our authority to take official notice of the legislative history of Ordinance 140-06 for possible

guidance. The record of the proceedings of the Board of Supervisors' Land Use and Economic Development Committee (June 7, 2006) provide no support for the City Attorney's conclusion that the Board of Supervisors intended to overturn *Pocoroba* and dramatically alter the economic leverage of sign tenants.

17. When the Board of Supervisors considered Ordinance 140-06 in Committee, the two staff reports - by the legislative aide for the Ordinance Sponsor and the representative from the Planning Department - identified the legislation's three objectives – to authorize relocation agreements, sign inventories, and fees. Neither report mentioned the amendments to Planning Code section 604(h) or discussed any intent for the legislation to reverse *Pocoroba*. Several public speakers raised concerns that the legislation would alter *Pocoroba*; others testified that legislation left the existing law unchanged. The members of the Land Use and Economic Development Committee approved the legislation without comment.

18. The Title and accompanying Legislative Digest for Ordinance 140-06 also are not helpful. Both repeat the passive "have been removed" language without mentioning *Pocoroba* or any intent to change existing law.

19. Clear Channel and the City Attorney's interpretation of the amended Planning Code Section 604(h) also conflicts with the long-standing understanding of the Department of Building Inspection that property owners (and not tenants) own the permits on their property. Had the Board of Supervisors sought to overturn the City's established permitting scheme, we would have expected the Board of Supervisors to clearly state that goal in legislative findings, or at least in the legislative history.

6

20. We also note that, for relocation agreements, the Board of Supervisors expressly protected property owners' rights over general advertising companies. Ordinance 140-06 requires general advertising companies attempting to relocate signs to obtain the written consent of the property owner to removing the sign.

21. Because Ordinance 140-06 is ambiguous, the legislative history silent, and the interpretation urged by Clear Channel and the City Attorney dramatically at odds with existing law, we conclude that the amendments do not reverse *Pocoroba-* and therefore that the right to continue to display general advertising on a property as a legal, non-conforming use belongs to the Appellant and is not subject to forfeiture by termination of a tenant's lease and a tenant's unilateral removal of tenant improvements. We conclude that the Building Permit does not forfeit Appellants' rights to a non-complying structure or non-conforming use at the Property.

22. As an independent basis for our decision, and based on credible testimony of Chief Building Inspector Laurence Kornfield, we conclude that Section 106.3.1.6 of the San Francisco Building Code requires building permits to be issued only to an owner or an authorized agent of the owner of the real property to which the permit pertains. Clear Channel contends that its lease with Appellant constitutes authorization to obtain permits. Like the Department of Building Inspection, we decline to interpret the private contract between Appellants and Clear Channel to determine whether or not Appellants negotiated away their right under City law to authorize building permits pertaining to their property. But we question how a form lease which predates the Planning Code amendments upon which Clear Channel relies, could constitute enforceable, "bargained for," contract terms.

23. Because we find that Appellants did not authorize Clear Channel (or Santos) to obtain the Building Permit, and without regard to any private contractual rights, we conclude that the Building Permit was issued to a party that did not demonstrate apparent authority to obtain it. Therefore the Building Permit does not forfeit Appellants' rights to a non-complying structure or non-conforming use.

24. We further find and conclude that permit holders who undertake work during the 15-day period when a building permit can be appealed proceed at their own peril should the permit be overturned.

25. As an independent basis for our opinion, we conclude that the sign structure at the Property was not "destroyed or removed" within the meaning of Planning Code Section 604(h). Based on the Declaration of Joshua Herron dated July 18, 2007 and accompanying photographs, we find that Clear Channel "sealed off remnants of the wood affixed to the roof" that had been part of its sign structure and did not remove these portions of the sign structure. Because these portions of the sign structure remain, Appellants may revise the Building Permit to accomplish alterations required to replace the signboard and seismically upgrade its structural elements.

26. Even if our interpretation of Ordinance 140-06 is in error, and a court concludes that the amendments to Planning Code Section 604(h) reversed *Pocoroba,* as an independent basis for our opinion, we overturn the Building Permit under our discretionary authority in Business and Tax Regulation Code, Article 1, Section 26. Based on the competent testimony of property owners testifying by letter and during public comment, we find a pattern of heavy-handed businesses practices by general advertising sign companies in lease renewal negotiations that is not in the best interests of the City's business

8

community or residents. We decline to approve a building permit that would encourage and reward such practices.

27. Because Clear Channel acted under a building permit during the 15-day appeal period that Appellants did not authorize, Appellants did not "voluntarily" remove the general advertising from their property. Instead, the removal is akin to a "calamity" under Planning Code Section 188(b), which does not forfeit the property owner's Proposition G recognized rights to continue the non-conforming use and maintain the non-complying structure. Restoration of a general advertising sign at the Property after a calamity does not constitute a "new general advertising sign" under Proposition G, does not conflict with the limitations for nonconforming uses set forth in Planning Code Section 181, and does not conflict with the provisions of Planning Code Section 604(h).

Based on the above Findings, the Board of Appeals grants the Appeal and authorizes the Building Permit to be revised to allow reconstruction of general advertising signage at the Property in the same size and location as previously existed.

The undersigned hereby certify that the Board of Appeals adopted the findings above at its regular meeting on March 19, 2008.

_____
Michael L. Garcia, President

_____
Victor F. Pacheco, Legal Asst. & Interim Dept. Head

9

# EXHIBIT 2

1  KENNETH B. FINNEY, SB# 130989
   SUZANNE M. PILUSO, SB# 252020
2  BEVERIDGE & DIAMOND, P.C.
   456 Montgomery St., Suite 1800
3  San Francisco, CA 94104-1251
   Tel: (415) 262-4000
4  Fax: (415) 262-4040

5  Attorneys for Petitioner,
   Clear Channel Outdoor, Inc.

6

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                          FOR THE COUNTY OF SAN FRANCISCO

10

11
   CLEAR CHANNEL OUTDOOR, INC., a Delaware )   Case No.   **CPF-08-508443**
12 Corporation,                             )
                                            )   **PETITION FOR WRIT OF MANDATE**
13                   Petitioner,            )   **RELATING TO CLEAR CHANNEL**
                                            )   **OUTDOOR, INC.'S ADVERTISING**
14         vs.                              )   **SIGN AT 2283-2297 MARKET STREET**
                                            )
15 BOARD OF APPEALS OF THE CITY AND         )   **(Code of Civ. Proc. § 1094.5)**
   COUNTY OF SAN FRANCISCO, an agency of the)
16 City and County of San Francisco,        )
                                            )
17                   Respondent,            )
                                            )
18 CHEOL HOON LEE, an individual, BUJA LEE, an )
   individual, and TONY LEE, an individual, )
19                                          )
                     Real Parties in Interest. )
20 _____)

21        Clear Channel Outdoor, Inc. ("Clear Channel") petitions this Court for a Writ of Mandate

22 with respect to the decision and order (the "Decision") of the San Francisco Board of Appeals (the

23 "Board") in the matter Cheol Hoon Lee & Tony Lee vs. Department of Building Inspection and

24 Planning Department, Appeal No. 07-075 (the "Appeal"). Clear Channel asks the Court to overturn

25 the Board's Decision revoking a building permit issued to Clear Channel to remove Clear Channel's

26

27 outdoor general advertising signs from real property owned by Cheol Hoon Lee and Buja Lee at

28 2283-2297 Market Street, San Francisco. Specifically, Clear Channel asks the Court to (i) overturn

                                    Petition for Writ of Mandate

the Order of the Board, which reads in part: "Based on the above Findings, the Board of Appeals

grants the Appeal and authorizes the Building Permit to be revised to allow reconstruction of general

advertising signage at the Property in the same size and location as previously existed." and (ii)

invalidate the Findings upon which the Board's Decision is based. Clear Channel alleges as follows:

## INTRODUCTION

1.     This Petition involves the Board's Decision in Appeal No. 07-075 to revoke building

permit No. 2007/05/09/0828 (the "Permit") issued to Clear Channel by the San Francisco Planning

Department ("Planning") and the Department of Building Inspection ("DBI") authorizing Clear

Channel to remove two outdoor general advertising signs and structure (the sign structure and signs

are herein referred to as the "Signs") The Signs were owned by Clear Channel and were located on

roof-top of a two story building overlooking the intersection of Market and 16th Streets pursuant to a

lease with Choel Hoon and Buja Lee (the "Lees"). The Signs were a "non-conforming" structure,

meaning that they violate the current Zoning and Planning Codes of San Francisco and could not be

lawfully erected today under current laws. Under State and local law, non-conforming structures are

to be removed over time to bring land-uses and structures into conformance with current zoning and

planning codes. When non-conforming structures are voluntarily removed by their owners they may

not be rebuilt.

2.     The Signs were owned by Clear Channel and were present on real property owned

by the Lees pursuant to a lease (the "Lease"). The Lease states that the Signs are owned by Clear

Channel, that Clear Channel has the right to remove the Signs at anytime during or following the

expiration of the Lease and that Clear Channel may apply for and control all governmental permits

with respect to the Signs.

3.     Following the issuance of the Permit and Clear Channel's removal of its Signs, the

Lees filed an appeal before the Board asking the Board to find that Clear Channel had not been

authorized to apply for the Permit and asking the Board to find that, notwithstanding the provisions

of the San Francisco Planning Code regarding the removal of non-conforming structures, the Lees be allowed to erect a new roof-top sign at Market and 16th Streets. The Lees' appeal is predicated on their claim that Clear Channel wrongfully applied for the Permit and wrongfully removed its Sign from the property. According to a letter sent by the San Francisco City Attorney to the Board prior to the Board's action on the Appeal, "the above-referenced appeal presents an issue of legal significance."

## PARTIES

4.      Petitioner Clear Channel is a corporation duly organized pursuant to the laws of the state of Delaware, and has its principal place of business in Phoenix, Arizona. Clear Channel Outdoor is an outdoor advertising company that owns and operates signs throughout the United States. Clear Channel's outdoor advertising products include traditional billboards and wallscapes, as well as taxi, mall, street furniture, transit and airport displays. In San Francisco, Clear Channel owns and operates several hundred signs, including the Signs in question in this Petition. Clear Channel's interests as the owner of the Signs are directly affected by the action of the Board in Appeal No 07-075 with respect to the Permit issued to Clear Channel by San Francisco Planning and DBI.

5.      Respondent San Francisco Board of Appeals is a subdivision and agency of the City and County of San Francisco, and issued the Decision and Findings that are the subject of this Petition.

6.      Real Parties in Interest Cheol Hoon Lee and Buja Lee (the "Lees") are the current owners of the real property at 2283-2297 Market Street, San Francisco (the "Market Street Property"). Clear Channel's Signs were located on the Market Street Property when the permit was issued to Clear Channel that is the subject of Appeal No. 07-075. Real Party in Interest Tony Lee is the Lees' son and was listed along with Cheol Hoon Lee as the Appellant in the Lees' Notice of Appeal filed with the Board.

**VENUE AND JURISDICTION**

7.     Venue is proper in this Court because Respondent Board of Appeals is a subdivision and agency of the City of San Francisco, a municipal corporation located in this county, and all the actions herein alleged occurred within the City of San Francisco. Real Parties in Interest reside in this county.

8.     This Court has jurisdiction over this matter pursuant to California Code of Civil Procedure 1094.5 (Writ of Administrative Mandamus).

**STATEMENT OF FACTS**

9.     For approximately 20 years Clear Channel and its predecessors-in-interest owned the Signs on the Lees' property located at 2283-2297 Market Street (the "Property"). The Signs were roof-top "billboards" overlooking the intersection of Market and 16th Street, and were a non-conforming structure under the San Francisco Municipal Code. As is Clear Channel's standard business practice, Clear Channel's ownership and control of the Signs is set forth in a lease agreement between the Lees and Clear Channel dated March 26, 1987 (the "Lease"). The Lease explicitly provides that Clear Channel owns the Signs has the right to remove the Signs at any time during or after the expiration of the Lease:

> 6. [A]ll signs, structures and improvements placed on the premises by or for the Lessee shall remain the property of the Lessee, and . . . <u>Lessee shall have the right to remove the same at any time during the term of the Lease or after the expiration of the Lease.</u> (Emphasis added)

The Lease also states that Clear Channel has the right to apply at its sole discretion for all needed government permits with respect to the Signs and that all such permits shall always remain the property of Clear Channel. The Lease states:

> 4. [T]he Lessee [Clear Channel] shall have the right to make any necessary applications with, and obtain permits from, governmental bodies for the construction and maintenance of Lessee's [Clear Channel's] signs,

1    at the sole discretion of Lessee.  All such permits shall always remain the property of Lessee.

2    The legal effect of the Lease and the Lees' alleged breach of its provisions is currently the subject of

3    litigation in U.S. District Court, Northern District of California, Case No 08-2955 WDB, entitled

4

5    Clear Channel Outdoor, Inc. v. Cheol Hoon Lee, et al.

6       10.    While the Signs were present on the Lees property, general advertising signs became

7    nonconforming structures in the City of San Francisco ("City").  In the 1960's, roof-top billboards

8    were declared in the San Francisco Municipal Code to be non-conforming structures.  Further, in

9    2002 the voters of San Francisco adopted Proposition G, which added Section 611 to the San

10   Francisco Planning Code.  Section 611 provides that "no new general advertising signs shall be

11   permitted at any location within the City as of March 5, 2002."  Section 604(h) provides that once a

12   sign is removed by the sign's owner, that sign cannot be replaced:

13

14       A sign which is voluntarily destroyed or removed by its owner or which is
         required by law to be removed may be restored only in full conformity
15       with the provisions of this Code. . . . A general advertising sign that has
         been removed shall not be reinstalled, replaced, or reconstructed at the
16       same location, and the erection, construction, and/or installation of a
         general advertising sign at that location to replace the previous existing
17       sign shall be deemed to be a new sign in violation of Section 611(a) of this
         Code. . . . (Emphasis added)
18

19       11.    On September 5, 2006, the Lees sent a letter to Clear Channel in which they notified

20   Clear Channel that they would not renew the Lease, which expired by its own terms on May 14,

21   2007.  In their letter, the Lees stated their intent to charge a holdover rent of "$150,000.00 per week

22   (U.S. Currency)" if Clear Channel failed to terminate its occupancy of the property.  In response,

23   Clear Channel exercised its option to remove the Signs and filed an application for a City permit to

24   remove the Signs.  On May 9, 2007, the Planning Department ("Planning") and Department of

25   Building Inspection ("DBI") approved Clear Channel's application and issued a permit to remove

26   Clear Channel's Signs (the "Permit").

27

28       12.    After the Signs were removed, the Lees filed an appeal (Appeal No. 07-075) to the

San Francisco Board of Appeals (the "Board") on May 21, 2007, protesting Clear Channel's Permit to remove its Signs (the "Appeal").  The Lees argued that Clear Channel was not authorized to apply for the Permit to remove the Signs, and that notwithstanding the relevant sections of the Planning Code the Board should grant the Lees permission to replace the roof-top billboards at Market and 16th Streets.

13.  The Board of Appeal's appellate jurisdiction is set forth by the San Francisco City Charter.  Under Section 4.106, the Board of Appeals "shall hear and determine appeals with respect to any person . . . who believes that his or her interest or the public interest will be adversely affected by the grant, denial, suspension, or revocation of a license or permit."

14.  In response to the Lees filing its Appeal, the San Francisco City Attorney, Dennis Herrera, issued a letter to the Board dated September 5, 2007 ("City Attorney Letter").  In that letter, the City Attorney counseled the Board that the interpretation of the Planning Code advanced by the Lees could not be reconciled with the plain language of the applicable ordinances.  The City Attorney Letter states:

> [I]t is our view that Appellants' [the Lees] position relies on a misrepresentation of the Planning Code and particularly of the current version of Section 604(h) of the Code. . . The plain language of Section 604(h) provides that a sign that is destroyed or removed by the sign's owner may not be replaced.  Section 604(h) says nothing about any continuing right of a property owner to erect a new sign, nor does it require the sign's owner to obtain the consent of the property owner to destroy or remove the sign.  Appellants' position cannot be reconciled with this plain language.  (City Attorney Letter at 2)
>
> [I]t is the Appellants' lease with Clear Channel that gave Clear Channel the right to remove the sign at any time, thus terminating the nonconforming use.  (City Attorney Letter at 3)
>
> [T]he [Board of] Supervisors elected not to require property owner consent when a sign is to be removed.  It was within the Supervisors' discretion to prioritize the permanent removal of signs, even where the property owner may oppose the removal. . . . Section 604(h) makes no exception when a property owner opposes removal of the sign.  (City Attorney Letter at 4)

15.  The City Attorney Letter further counseled the Board that it limit its decision to the

1  permit issuance question before it and to refrain from otherwise exceeding its appellate jurisdiction:

2      In our view, the Appellants [the Lees] urge this Board to reach questions
       that are not properly before it.  Under section 4.106 of the San Francisco
3      Charter, the Board of Appeals 'shall hear and determine appeals with
       respect to any person . . . who believes that his or her interest or the public
4      interest will be adversely affected by the grant, denial, suspension or
       revocation of a license or permit.'  (Id. at 4.106(b).)  With regard to such
5      appeals, '[a]fter a hearing . . ., the Board may concur in the action of the
       department involved, or . . . overrule the action of the Department.' (Id. at
6      4.106(d).)  Thus, in this case, the Board may either uphold the action of
       the Department of Building Inspection ("DBI") in issuing the alteration
7      permit or may overrule that action.  But because neither DBI nor any other
       City Department has yet determined whether Appellants [the Lees] are
8      entitled to obtain permits to replace the general advertising sign structure
       removed by Clear Channel, any findings by the Board on this point would
9      be beyond the scope of the appeal and of no legal effect.  (Emphasis
       added)
10

11      16.     On October 17, 2007 the Board held a public hearing and considered the Appeal of

12  Clear Channel's Permit to remove its Signs.  At that hearing the Board expressly refused to consider

13  the Lease.  Instead, and in conflict with the provisions of the Lease granting ownership of the Signs

14  and right to remove them to Clear Channel, the Board held that Clear Channel did not have the

15  authority to apply for a permit to remove the Signs and that Clear Channel's Permit application was,

16  therefore, defective and the Permit should be revoked.  At that hearing, both the City Attorney and

17  the Planning Department stated that, in light of Proposition G and the San Francisco Municipal

18  Code, the City could not grant a new permit to replace the Signs.  The Board, however, disregarded

19  the City Attorney's testimony and its advice in its September 5, 2007 letter, and instead discussed

20  how it could find and order the City to permit the Lees to erect roof-top signs at Market and 16th

21  Streets.

22      17.     Shortly after the hearing, Clear Channel filed a request for rehearing on the grounds

23  that the Lees' testimony was based on a document (an Agent Authorization form) that was not part

24

25  of the record, and therefore Clear Channel was denied an opportunity to produce evidence on the

26  content and preparation of that form.  On December 12, 2007, the Board held a second hearing on

27  the Appeal.  At that hearing the Board continued its consideration of Clear Channel's rehearing

28

-7-
Petition for Writ of Mandate

1    request, and again continued the adoption of Findings in support of the Board's action at its October

2    17 hearing.

3         18.    In its third and final hearing related to the Appeal, on March 19, 2008 the Board

4    considered (1) Clear Channel's October 29 rehearing request, and (2) the adoption of Findings in

5    support of the Board's decision on October 17.  The Board denied Clear Channel's rehearing request

6    by a 3-2 vote.  Also by a 3-2 vote, the Board adopted twenty-seven (27) Findings that form the basis

7    for the Board's decision overturning the Permit (the "Findings").  In reaching its final Decision the

8    Board expressly refused to consider the Lease agreement governing the ownership and removal of

9    the Signs.

10

11                **CAUSES OF ACTION FOR ISSUANCE OF WRIT OF MANDATE**

12        19.    In reaching its Decision, the Board expressly refused to consider and apply the terms

13   of a Lease agreement between Clear Channel and the Lees that establishes the rights and obligations

14   of the parties with respect to ownership and removal of the Signs.  By refusing to consider or apply

15   the Lease, the Board has abused its discretion by not proceeding in the manner required by law and

16   by rendering a decision that is not supported by its Findings and for which its Findings are not

17   supported by the evidence.

18

19        20.    Further, in rendering its Decision and making its Findings, the Board incorrectly

20   interpreted and applied the San Francisco Municipal Code Section 604(h), which reads in pertinent

21   part:  "A sign which is voluntarily destroyed or removed by its owner . . . may be restored only in

22   full conformity with the provisions of the Code."  The Board held as a matter of law that the phrase

23   "by its owner" in Section 604(h) does not mean the owner of the sign but that it instead means the

24   owner of the real property, regardless of who may actually own the sign and sign structure.  That

25   Finding is legally incorrect.  The Findings and Decision of the Board are improper because in

26   making both the Board has not proceeded in the manner required by law.

27        21.    Further, the Board Found that "[Clear Channel] did not properly complete the

28

-8-
Petition for Writ of Mandate

portions of the Building Permit Application or Agency Authorization Form that would have shown

whether the applicant had authority to obtain the permit as agent of Appellants . . ." That Finding

and the Decision should be overturned because in rendering both the Board has abused its discretion

by not proceeding in the manner required by law and by issuing a decision that is not supported by

its Findings and for which its Findings are not supported by the evidence. The Finding is incorrect

because (i) the Board refused to consider and apply the Lease with respect to, in the words of the

Board, "whether the applicant had authority to obtain the permit as agent of Appellants" and (ii) the

claimed incomplete portion of the application were two boxes involving information that was

otherwise provided to Planning and BDI on the very same pages as the two boxes. The omissions

were immaterial, which is a fact that was candidly acknowledged by the Board's President at the

hearing on the Lees' appeal. For the Board to issue its Decision based on its refusal to consider and

apply properly provided evidence (the Lease) and on harmless errors in the application form

constitutes an abuse of discretion.

      22.     Further, the portion of the Board's order stating; "the Board of Appeals . . . authorizes

the Building Permit to be revised to allow reconstruction of general advertising signage at the

Property in the same size and location as previously existed" constitutes action by the Board that is

without or in excess of its jurisdiction. With respect to that subject area of the Boards Decision and

Findings, the San Francisco City Attorney stated in a September 5, 2007 letter to the Board: "But

because neither DBI nor any other City department has yet determined whether [the Lees] are

entitled to obtain permits to replace the general advertising sign structure removed by Clear Channel,

any findings by the Board on this Point would be beyond the scope of the appeal and of no legal

effect." By acting to adopt findings and render a decision effecting issues not procedurally ripe or

before the Board, the Board's Findings and Decision are actions by the Board that are without or in

excess of its jurisdiction.

      23.     Further, as a claimed "independent basis" in support of the Board's Decision to

1   revoke Clear Channel's permit, the Board issued Finding #26, which states that "it is not in the best

2   interests of the City's business community or its residents" for the Board to uphold the Permit.  As

3   authority for this sweeping finding, the Board cited the San Francisco Business and Tax Code,

4   Article 1, Section 26, which allows permitting bodies to consider the effect of the proposed land use

5   on the *surrounding property and its residents* when issuing a permitting decision.  That provision

6   only allows the Board to consider the effect of the land use on surrounding property and residents.

7   The Board acted in excess of its jurisdiction by basing its Finding on the "best interests of the City's

8   business community or residents."  Moreover, the Board further based its Finding not on a particular

9   land use (a billboard) but solely on its preferences as to who should control the land use, i.e., the

10  user, not the land use.  It further based its preference as to which user it thinks is best for the "City's

11  business community" on distinctions drawn from the lawful business conduct of one of the users,

12  Clear Channel.  As such, the basis of the Finding strays far outside the jurisdiction granted to the

13  Board by the Business and Tax Code, and also violates Clear Channel's constitutional rights,

14  including without limitation its Due Process and Freedom of Speech rights, as a lawful business

15  operating in the City of San Francisco.  Also, the Board's Findings and Decision violated Clear

16  Channel's procedural rights before the Board by its failure to provide notice that it was considering

17  the application of this provision of the Business and Tax Code, and other unnoticed evidentiary

18  considerations.

19      24.     Further, as another claimed "independent basis" in support of the Board's Decision to

20  revoke Clear Channel's permit and authorize the construction of a general advertising sign at the

21  same location, the Board found that "sealed off remnants of the wood affixed to the roof" constituted

22  the sign structure and that, therefore, Clear Channel did not destroy or remove the sign structure

23  pursuant to Section 604(h).  That Finding and Decision by the Board constitutes action by the Board

24  that is without or in excess of its jurisdiction and an abuse of discretion by not proceeding in the

25  manner required by law and by rendering a Decision for which its Findings are not supported by the

evidence. The Board acted without or in excess of its jurisdiction for the same reasons as set forth in Paragraph 22 above. The Board abused its discretion by improperly interpreting and applying the words "destroyed or removed" in Section 604(h) and by making Findings not supported by the evidence. Photographic evidence demonstrates that the massive steel and wood structure of the Signs was destroyed or removed as a matter of law and fact.

25.    For the reasons summarized above, and without limitation, the Board's Decision and Findings are invalid because the Board acted in excess of its jurisdiction, and the Board abused its discretion by not proceeding in the manner required by law and by issuing a Decision that is not supported by its Findings and for which its Findings are not supported by the evidence. Accordingly, Clear Channel asks the Court to set aside the Board's Decision.

## PRAYER FOR RELIEF

WHEREFORE, Clear Channel respectfully requests the following relief:

26.    Issuance of a Writ of Mandate directing the San Francisco Board of Appeals to vacate its Decision and Findings in Appeal No. 07-075 and to defer any future action on Appeal 07-075 until such time as the provisions of the Lease between the parties to the Appeal (the Lees and Clear Channel) have been adjudicated in <u>Clear Channel Outdoor, Inc. v. Cheol Hoon Lee, et al.</u>, Case No 08-2955 WDB, U.S. District Court, Northern District of California;

27.    Issuance of a Writ of Mandate directing the San Francisco Board of Appeals to comply, with respect to Appeal 07-075 and any and all appeals before the Board, with this Court's determination that the phrase "A sign which is voluntarily destroyed or removed by its owner" of San Francisco Planning Code Section 604(h) refers to the owner of the sign and not to some other entity that is not the owner of the sign (i.e., reversing the Board's interpretation of that phase as meaning "the sign owner in Planning Code section 604(h) whose voluntary action will extinguish the right to display general advertising is the owner of the property, not the [sign owner]," Board Finding 13);

28.    Issuance of a Writ of Mandate directing the San Francisco Board of Appeals to vacate those portions of its Decision and Findings in Appeal No. 07-075 that find or act upon the finding that Clear Channel did not properly complete its application for the Permit;

29.    Issuance of a Writ of Mandate directing the San Francisco Board of Appeals to vacate those portions of its Decision and Findings in Appeal No. 07-075 that support the holding or hold that "the Board of Appeals authorizes the Building Permit to be revised to allow reconstruction of general advertising signage at the Property at the same size and location as previously existed;"

30.    Issuance of a Writ of Mandate directing the San Francisco Board of Appeals to vacate those portions of its Decision and Findings in Appeal No. 07-075 that support the holding or hold that the Permit is revoked on grounds founded in the Board's "discretionary authority in San Francisco Municipal Business and Tax Code, Article 1, Section 26" (i.e., Board Finding 26);

31.    Issuance of a Writ of Mandate directing the San Francisco Board of Appeals to vacate those portions of its Decision and Findings in Appeal No. 07-075 that find or act upon the finding that Clear Channel did not destroy or remove Signs within the meaning of Planning Code Section 604(h);

32.    Damages to Clear Channel as proven;

33.    Attorney fees of Clear Channel as proven;

34.    Costs to Clear Channel; and

35.    Other relief as deemed proper by this Court.

Dated: June 16, 2008

Respectfully Submitted,

CLEAR CHANNEL OUTDOOR, INC.

By: *Kenneth B. Finney*
KENNETH B. FINNEY
SUZANNE M. PILUSO
Attorneys for Clear Channel Outdoor, Inc.

1  KENNETH B. FINNEY, SB# 130989
   SUZANNE M. PILUSO, SB# 252020
2  BEVERIDGE & DIAMOND, P.C.
   456 Montgomery St., Suite 1800
3  San Francisco, CA 94104-1251
   Tel: (415) 262-4000
4  Fax: (415) 262-4040

5  Attorneys for Petitioner
   Clear Channel Outdoor, Inc.

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   FOR THE COUNTY OF SAN FRANCISCO

10

11 CLEAR CHANNEL OUTDOOR, INC., a Delaware )   Case No.
12 Corporation,                             )
                                            )   **VERIFICATION OF WILLIAM**
13                 Petitioner,              )   **HOOPER REGARDING PETITION**
                                            )   **FOR WRIT OF MANDATE**
14        vs.                               )
                                            )
15 THE BOARD OF APPEALS OF THE CITY AND     )
16 COUNTY OF SAN FRANCISCO, an agency of the)   **(Code of Civ. Proc. § 1094.5)**
   City and County o9f San Francisco,       )
17                 Respondents,             )
                                            )
18 CHEOL HOON LEE, an individual, BUJA LEE, an )
   individual, and TONY LEE, an individual,    )
19                                          )
                                            )
20                 Real Parties in Interest. )
                                            )
21

22       I am the President/General Manager, Northern California Region, of Clear Channel Outdoor,

23 Inc. ("Clear Channel"), the petitioner in this action. I have read the foregoing petition. I am

24 informed and believe that the matters in it are true and correct and on that basis allege that the

25 matters stated in the petition are true and correct.

26

27 ///

28 ///

_____

     Verification of William Hooper Re Petition for Writ of Mandate (CCP § 1094.5)

113045v1 SanFrancisco 013497

1        I declare under penalty of perjury under the laws of the State of California that the foregoing

2    is true and correct and that this verification was executed on June 12, 2008 at Oakland, California.

3

4                                By: _____

5                                    William Hooper

6                                    President/General Manager, Northern California Region, of Clear Channel Outdoor, Inc.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

Verification of William Hooper Re Petition for Writ of Mandate (CCP § 1094.5)