1  Scott D. Baker (SBN 84923)
   *Email: sbaker@reedsmith.com*
2  James A. Daire (SBN 239637)
   *Email: jdaire@reedsmith.com*
3  REED SMITH LLP
   Two Embarcadero Center, Suite 2000
4  San Francisco, CA  94111-3922

5  **Mailing Address:**
   P.O. Box 7936
6  San Francisco, CA  94120-7936

7  Telephone:    +1 415 543 8700
   Facsimile:    +1 415 391 8269
8
   Attorneys for Plaintiff
9  Clear Channel Outdoor, Inc.

10                 UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12                    SAN FRANCISCO DIVISION

13  CLEAR CHANNEL OUTDOOR, INC., a          Case No.: 3:08-cv-02955-PJH
    Delaware Corporation,
14                                          **CLEAR CHANNEL OUTDOOR, INC.'S**
                       Plaintiff,           **MEMORANDUM IN OPPOSITION TO**
15                                          **DEFENDANT LEE'S MOTION TO**
        vs.                                 **DISMISS, MOTION TO STRIKE AND**
16                                          **MOTION FOR ANTI-SLAPP RELIEF**
    CHEOL HOON LEE, an individual,
17                                          Date:  September 17, 2008
                       Defendant.          Time:  9:00 a.m.
18                                          Dept:  Courtroom 3, 17th Floor

19

20                                          Hon. Phyllis J. Hamilton

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Table of Contents

|  |  | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | CLEAR CHANNEL'S ALLEGATIONS | 2 |
| III. | LEGAL ANALYSIS | 4 |
| | A. Clear Channel's Claims Plainly Satisfy The Liberal Pleading Standards Under The Federal Rules of Civil Procedure | 4 |
| | B. Clear Channel States A Claim For Breach Of Contract | 5 |
| | 1. Clear Channel Alleges That Mr. Lee Breached The Lease | 5 |
| | 2. The Litigation Privilege Does Not Apply To Acts Or This Contract Action | 7 |
| | 3. Clear Channel Has Alleged That It Suffered Damages | 8 |
| | C. Clear Channel States A Claim For Promissory Estoppel | 10 |
| | D. The Court Has Jurisdiction Over Clear Channel's Declaratory Relief Claim | 11 |
| | E. Mr. Lee's Request To Strike The Prayer For "Attorney's Fees And Costs of Suit Incurred Herein" Should Be Denied | 14 |
| | F. The Noerr-Pennington Doctrine Is Inapplicable | 15 |
| | 1. The Board Of Appeals' Action Did Not Cause Clear Channel's Injury | 15 |
| | 2. Most of Mr. Lee's Behavior Cannot Be Characterized As An Exercise Of The Right To Petition | 17 |
| | G. The Anti-SLAPP Law Does Not Bar Clear Channel's Claims | 18 |
| | 1. Clear Channel's Complaint Is Not Based On Mr. Lee's Protected Activities | 18 |
| | 2. Mr. Lee Waived Any Purported Right To Anti-SLAPP Protection By Virtue Of The Lease | 20 |
| | 3. Clear Channel Has Established A Probability Of Prevailing On The Merits | 20 |
| IV. | CONCLUSION | 22 |

CLEAR CHANNEL OUTDOOR, INC.'S MEMORANDUM IN OPPOSITION TO DEFENDANT LEE'S MOTION TO DISMISS, MOTION TO STRIKE AND MOTION FOR ANTI-SLAPP RELIEF

1

# TABLE OF AUTHORITIES

2

## CASES

3

Alder v. Drudis,
    30 Cal. 2d 372 (1947) ...................................................................................................9

4

Allied Tube & Conduit Corp. v. Indian Head., Inc.,

5
    486 U.S. 492 (1988) ..................................................................................................15

6

Applied Business Software, Inc. v. Pacific Mortgage Exchange, Inc.,

7
    164 Cal. App. 4th 1108 (2008) ...............................................................................19

Brill Media Co., LLC v. TCW Group, Inc.,

8
    132 Cal. App. 4th 324 (2005) .................................................................................18

9

Bureerong v. Uvawas,

10
    922 F. Supp. 1450 (C.D. Cal. 1996) ......................................................................14

California Motor Transport Co. v. Trucking Unlimited,

11
    404 U.S. 508 (1972) .................................................................................................17

12

Carpet Group Int'l v. Oriental Rug Imps. Ass'n,

13
    256 F. Supp. 2d 249 (2003) ..............................................................................15, 16

City of Cotati v. Cashman,

14
    29 Cal. 4th 69 (2002) ..............................................................................................19

15

Clark v. Tallmadge,

16
    23 Cal. App. 2d 703 (1937) ...............................................................................21, 22

ComputerXpress, Inc. v. Jackson,

17
    93 Cal. App. 4th 993 (2001) ...................................................................................19

18

Conley v. Gibson,

19
    355 U.S. 41 (1957) .....................................................................................................4

DaimlerChrysler Motors Co. v. Lew Williams, Inc.

20
    142 CA 4th 344 (2006) ............................................................................................20

21

Dallman Co. v. Southern Heater Co.,

22
    262 Cal. App. 2d 582 (1968) ....................................................................................9

Department of Industrial Relations v. UI Video Stores, Inc.,

23
    55 Cal. App. 4th 1084 (1997) ...................................................................................6

24

District of Columbia Court of Appeals v. Feldman,

25
    460 U.S. 462 (1983) .................................................................................................11

Dornheim v. Sholes,

26
    430 F.3d 919 (8th Cir. 2005) ..................................................................................12

27

Drennan v. Star Paving Co.,

28
    51 Cal. 2d 409 (1958) ..............................................................................................10

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

CLEAR CHANNEL OUTDOOR, INC.'S MEMORANDUM IN OPPOSITION TO DEFENDANT LEE'S MOTION TO
DISMISS, MOTION TO STRIKE AND MOTION FOR ANTI-SLAPP RELIEF

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

Dubinka v. Judges of Superior Court,
   23 F.3d 218 (9th Cir. 1994) ..................................................................................13

E. & J. Gallo Winery v. Andina Licores S.A.,
   2006 WL. 1817097 (E.D.Cal.)................................................................................7

Earle v. Kelly,
   21 Cal. App. 480 (1913) ......................................................................................21

Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc.,
   365 U.S. 127 (1961)..............................................................................................15

Exxon Mobil Corp. v. Saudi Basic Industries Corp.,
   544 U.S. 280 (2005)..................................................................................11, 12, 13

FTC v. Superior Court Trial Lawyers Ass'n,
   493 U.S. 411 (1990)..............................................................................................15

Labordore v. Aronson,
   92 Cal. App. 4th 459 (2001) ..................................................................................7

Lange v. TIG Ins. Co.,
   68 Cal. App. 4th 1179 (1998) ..............................................................................10

Leslie G. v. Perry & Associates,
   43 Cal. App. 4th 472 (1996) ..................................................................................9

Lewis Const. Management, Inc. v. Pomona Unified School Dist.,
   34 Cal. 4th 960 (2004)..........................................................................................10

Lortz v. Connell,
   273 Cal. App. 2d 286 (1969) .................................................................................6

M & A Gabaee v. Community Redevelop. Agency of City of Los Angeles,
   419 F.3d 1036 (9th Cir. 2005) .............................................................................13

Middlesex County Ethics Committee v. Garden State Bar Ass'n,
   457 U.S. 423 (1982)..............................................................................................13

Mike Nelson Co., Inc. v. Hathaway,
   2005 WL. 2179310 (E.D. Cal.)............................................................................10

Moser v. Triarc Companies, Inc.,
   2007 WL. 3026425 (S.D.Cal.)................................................................................9

Navellier v. Slettten,
   29 Cal. 4th 82 (2002)............................................................................................20

Overstock.com, Inc. v. Gradient Analytics, Inc.
   151 CA4th 688 (2007)..........................................................................................20

Pacific Gas & Electric Co. v. Bear Stearns & Co.,
   50 Cal. 3d 1118 (1990) .........................................................................................15

CLEAR CHANNEL OUTDOOR, INC.'S MEMORANDUM IN OPPOSITION TO DEFENDANT LEE'S MOTION TO
DISMISS, MOTION TO STRIKE AND MOTION FOR ANTI-SLAPP RELIEF

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

Pegram v. Herdrich,
  530 U.S. 211 (2000)......................................................................................................6

Pillsbury, Madison & Sutro v. Lerner,
  31 F.3d 924 (9th Cir. 1994) .........................................................................................5

Pollack v. Superior Court,
  229 Cal. App. 3d 26 (1991) .........................................................................................7

Premier Med. Mgmt. Systems, Inc. v. California Ins. Guar. Ass'n,
  136 CA 4th 464 (2006)...............................................................................................20

RFD Long Beach v. Tanter-Hare Inv., Bldg. Corp.,
  2008 WL. 269444 (S.D. Ohio) ..................................................................................14

Rooker v. Fidelity Trust Co.,
  263 U.S. 413 (1923)...................................................................................................11

Rusheen v. Cohen,
  37 Cal. 4th 1048 (2006) ..............................................................................................7

Swierkiewicz v. Sorema N.A.,
  534 U.S. 506 (2002)....................................................................................................5

US Ecology, Inc. v. State,
  129 Cal. App. 4th 887 (2005) ...................................................................................10

United Mine Works v. Pennington,
  381 U.S. 657 (1965)...................................................................................................15

United States v. City of Redwood City,
  640 F.2d 963 (9th Cir. 1981) .......................................................................................5

Verizon Maryland Inc. v. Public Service Commission,
  535 U.S. 635 (2002)...................................................................................................12

Wentland v. Wass,
  126 Cal. App. 4th 1484 (2005) ...................................................................................7

Westlands Water Dist. Distribution Dist. v. Natural Resources Defense Counsel, Inc.,
  276 F. Supp. 2d 1046 (E.D. Cal. 2003) ....................................................................15

Younger v. Harris,
  401 U.S. 37 (1971).................................................................................................13, 14

Youngman v. Nevada Irrigation Dist.,
  70 Cal. 2d 240 (1969) ................................................................................................10

### RULES

Fed. R. Civ. P. 8(a)(2) ........................................................................................................5

Fed. R. Civ. P. 12(f)..........................................................................................................15

Fed. R. Civ. P. 54(d) .........................................................................................................14

CLEAR CHANNEL OUTDOOR, INC.'S MEMORANDUM IN OPPOSITION TO DEFENDANT LEE'S MOTION TO
DISMISS, MOTION TO STRIKE AND MOTION FOR ANTI-SLAPP RELIEF

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

## STATUTES

28 U.S.C. § 1920 ................................................................................................................14

Cal. Civ. Code § 47 ............................................................................................................6

Cal. Civ. Proc. Cod § 425.16(a) .......................................................................................18

Cal. Civ. Proc. Code § 425.17 ..........................................................................................18

## MISCELLANEOUS

San Francisco Building Code Section 106A.3.1.6..............................................................7

CLEAR CHANNEL OUTDOOR, INC.'S MEMORANDUM IN OPPOSITION TO DEFENDANT LEE'S MOTION TO DISMISS, MOTION TO STRIKE AND MOTION FOR ANTI-SLAPP RELIEF

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

2

## I.     INTRODUCTION

3      To avoid his contractual obligations, Defendant Cheol Hoon Lee attempts to put Clear

4  Channel Outdoor, Inc. ("Clear Channel") in the miscast role of corporate bully.  Ironically, Mr. Lee

5  accuses Clear Channel of "take it or leave it" behavior in the parties' pre-suit negotiations and "legal

6  extortion," but blithely ignores his own bogus pre-suit demand that Clear Channel remove its

7  advertising copy – and forgo its seventy year old ownership interest in the sign – so that Mr. Lee

8  could break the Lease six months before it expired.  Clear Channel elected instead to remove its

9  entire sign, structure and improvements (collectively, the "sign structure") before the termination of

10  the parties' lease agreement (the "Lease"), as was its contractual right.

11

12      The twin rights of ownership and to remove the sign are particularly valuable because the

13  City of San Francisco has banned new general advertising signs.  As Clear Channel alleges, those

14  rights originated with Clear Channel and Clear Channel maintained those rights from the erection of

15  the sign structure in 1938 to the present day.  To effectuate its contractual rights, Clear Channel

16  applied for and obtained a permit to remove the sign structure (the "Removal Permit").  After Clear

17  Channel obtained the Removal Permit and removed the sign structure, Mr. Lee appealed the

18  Removal Permit to the City of San Francisco's Board of Appeals, asserting that Clear Channel

19  lacked any authority to obtain a permit for the sign structure and accused Clear Channel of

20  trespassing onto Mr. Lee's property and taking away *Mr. Lee's* sign structure.  The Board of

21  Appeals then revoked the Removal Permit.  Critically, however, the Board of Appeals expressly

22  refused to consider the parties' Lease on the ground that it lacked jurisdiction to interpret the Lease.

23  Mr. Lee's behavior is in clear breach of the Lease, and Clear Channel is entitled to a judicial

24  declaration of the parties' respective rights and obligations.

25

26      In the present motion, Mr. Lee argues without basis that Clear Channel cannot state a single

27  cause of action.  In fact, Clear Channel's complaint satisfies the requirements of Rule 8(a), because

28  it gives Mr. Lee "simple, concise, and direct" notice of its claims for relief.  Especially when

CLEAR CHANNEL OUTDOOR, INC.'S MEMORANDUM IN OPPOSITION TO DEFENDANT LEE'S MOTION TO
DISMISS, MOTION TO STRIKE AND MOTION FOR ANTI-SLAPP RELIEF

1    applying the standard for a motion to dismiss, where the plaintiff's allegations must be assumed to

2    be true, Clear Channel exceeds this standard.  The remainder of Mr. Lee's motion conflates his right

3    to petition the Board of Appeals with his obligation not to deny that Clear Channel has contractual

4    authority to remove the sign structure.  Whether or not the City's Department of Building Inspection

5    ("DBI") properly issued the Removal Permit is outside the scope of this lawsuit, and Clear Channel

6    does not contend that its injury arises solely from the rescission of its Removal Permit.  Rather,

7    Clear Channel's alleged injury stems from Mr. Lee's conduct (both pre-appeal and post-appeal).

8    Accordingly, and, contrary to Mr. Lee's s assertions, none of Clear Channel's claims are barred by

9    the *Noerr-Pennington* doctrine or California's Anti-SLAPP law.  Mr. Lee's Motion to Dismiss

10   should be denied.

11

12                      II.      **CLEAR CHANNEL'S ALLEGATIONS**

13

14          Clear Channel alleges that Mr. Lee and Clear Channel are parties to a written lease

15   agreement (the "Lease") for the purpose of maintaining advertising signs, structures and related

16   improvements at Mr. Lee's real property at 16th and Market Streets.  [Complaint ¶ 10.]  Under the

17   Lease, it was agreed that Clear Channel would remain the owner of all "signs, structures and

18   improvements" it placed on the property, and that Clear Channel would have the right to remove (or

19   not remove) the signs, structure and improvements.  More specifically, as Clear Channel alleges, the

20   contract provides in Paragraph 6 that "*all signs, structures and improvements placed on the premises*

21   *by or for the Lessee shall remain the property of the Lessee*, and that, notwithstanding the fact that

22   the same constitute real estate fixtures, *Lessee shall have the right to remove the same at any time*

23   *during the term of the Lease, or after the expiration of the Lease*" (emphasis added).  In addition,

24   Clear Channel alleges that the Lease expired by its terms on May 14, 2007.  [Complaint, ¶ 10, Exh.

25   A]

26

27          The written agreement and term notwithstanding, Mr. Lee wrote to Clear Channel in

28   September 2006 insisting that Clear Channel "must remove any advertising per the lease contract"

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

CLEAR CHANNEL OUTDOOR, INC.'S MEMORANDUM IN OPPOSITION TO DEFENDANT LEE'S MOTION TO
DISMISS, MOTION TO STRIKE AND MOTION FOR ANTI-SLAPP RELIEF

1   by December 15, 2006. [Complaint ¶ 14, Exhibit C.] Mr. Lee also purported to give Clear Channel

2   "notice" that, should Clear Channel not remove its advertising by December 15, Mr. Lee would

3   charge Clear Channel $ 150,000 per week (which, even according to Mr. Lee's moving papers, is at

4   best $ 580,000 per month above Mr. Lee's unsubstantiated "market rents.") [*Id.*] The letter further

5   threatened that, if Clear Channel did not remove its "advertising" by December 15, Mr. Lee would

6   pursue "proper channels" to purportedly vindicate his alleged right to $150,000 per week. [*Id.*] Mr.

7   Lee did not mention Clear Channel's sign structure, only the advertising copy placed upon it. [*Id.*]

8   In sum, Mr. Lee demanded that Clear Channel remove its advertising copy (but not its sign structure)

9   six months before the lease expired, or face the specter of a baseless claim for substantial purported

10  damages.

11

12      Clear Channel also alleges that, after receiving Mr. Lee's letter, Clear Channel obtained the

13  Removal Permit from the City of San Francisco's Department of Building Inspection on May 11,

14  2007. [Complaint ¶ 15.] Clear Channel then voluntarily removed its sign structure before the May

15  14, 2007 expiration of the Lease. [*See* Complaint ¶ 17.] On May 21, 2007, after Clear Channel had

16  removed its sign structure, Defendant filed an appeal of the Removal Permit with the City of San

17  Francisco's Board of Appeals, seeking rescission of the Removal Permit. [Complaint ¶ 18.]

18  Critically, and as Clear Channel alleges, the Board confined all discussion to DBI's procedures and

19  issuance of the Removal Permit and did not consider the Lease or any of its terms. [Complaint ¶

20  18.] Indeed, as the evidence Mr. Lee submits proves, the Board of Appeals expressly "decline[d] to

21  interpret" the Lease and revoked the Removal Permit "without regard to any private contractual

22  rights" between the parties. [Defendant's Request For Judicial Notice ("RJN"), Exh. 1 ¶ 22, 23.]

23

24      Clear Channel believes that its now revoked Removal Permit was legitimate without regard

25  to the Lease, and therefore filed a writ petition in California state court to challenge the Board of

26  Appeal's decision. [Defendant's Motion, p. 3.] More importantly for the purpose of this lawsuit,

27  Clear Channel alleges that it also has the contractual right to remove (or not remove) its sign

28  structures before the termination of the Lease, that Mr. Lee's threat to pursue Clear Channel for a

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

CLEAR CHANNEL OUTDOOR, INC.'S MEMORANDUM IN OPPOSITION TO DEFENDANT LEE'S MOTION TO
DISMISS, MOTION TO STRIKE AND MOTION FOR ANTI-SLAPP RELIEF

1    $150,000 per week "penalty" through the "proper channels" is baseless, and that Clear Channel is

2    entitled to a declaration of its rights under the Lease. [Complaint ¶ 18.] The impetus of this lawsuit

3    is vindication of those contractual rights, which were not (and could not be) at issue during the

4    Board of Appeal's proceeding.

5

6                          III.    LEGAL ANALYSIS

7

8    A.    Clear Channel's Claims Plainly Satisfy The Liberal Pleading Standards Under The

9          Federal Rules of Civil Procedure

10

11          The Federal Rules provide for liberal notice pleading, which requires that a complaint

12   include only "a short and plain statement of the claim showing that the pleader is entitled to relief."

13   Fed. R. Civ. P. 8(a)(2). This simplified pleading standard is intended to focus litigation on the merits

14   of the claim. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513-514 (2002). Other provisions in the

15   Rules are "inextricably linked to Rule 8(a)'s simplified notice pleading standard." *Id.* Rule 8(e)(1)

16   provides that pleadings "shall be simple, concise, and direct" and that no technical forms of pleading

17   are required. *Id.* Furthermore, Rule 8(f) requires the court to construe the pleadings to do

18   "substantial justice" and a court should not dismiss a complaint on technical grounds when,

19   construed as a whole, it provides adequate notice of the claims or defenses presented. *Conley v.*

20   *Gibson*, 355 U.S. 41, 48 (1957).

21          In accordance with the liberal pleading principles above, a decision to grant a motion to

22   dismiss under Rule 12(b)(6) is proper only in extraordinary cases. *United States v. City of Redwood*

23   *City*, 640 F.2d 963, 966 (9th Cir. 1981). When reviewing such a motion, any properly pled

24   allegations of the complaint are taken as true and are construed in the light most favorable to the

25   plaintiff. *Pillsbury, Madison & Sutro v. Lerner*, 31 F.3d 924, 928 (9th Cir. 1994) (dismissing claim

26   under Rule 12(b)(6)); *Redwood City*, 640 F.2d at 966. The accepted rule is that, unless it appears

27   beyond doubt that the plaintiff can prove no set of facts in support of its claim that would entitle it to

28   relief, a motion to dismiss under Rule 12(b)(6) should be denied. *Conley*, 355 U.S. at 45-46; *see*

CLEAR CHANNEL OUTDOOR, INC.'S MEMORANDUM IN OPPOSITION TO DEFENDANT LEE'S MOTION TO
DISMISS, MOTION TO STRIKE AND MOTION FOR ANTI-SLAPP RELIEF

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  *also Pegram v. Herdrich*, 530 U.S. 211, 230 (2000) (court may use narrative from a brief to "clarify

2  allegations in plaintiff's complaint whose meaning is unclear").

3      Here, applying the above standards, Clear Channel's complaint easily satisfies the

4  requirements of Rule 8(a), because it gives Mr. Lee "simple, concise, and direct" notice of its claims

5  for relief. Especially when applying the standard for a motion to dismiss, where the plaintiff's

6  allegations must be assumed to be true, Clear Channel has alleged facts sufficient to support each of

7  those claims. Moreover, contrary to Mr. Lee's s assertions, none of Clear Channel's claims are

8  barred by the *Noerr-Pennington* doctrine or California's Anti-SLAPP law. Accordingly, as set forth

9  more fully below, Clear Channel has properly pleaded each of its claims for relief, and Mr. Lee's

10  Motion to Dismiss should therefore be denied.

11

12  **B.    Clear Channel States A Claim For Breach Of Contract**

13

14      Clear Channel's complaint states a claim for breach of contract. The essential elements to be

15  pleaded in an action for breach of contract are (i) the existence of the contract; (ii) plaintiff's

16  performance of the contract or excuse for non-performance; (iii) defendant's breach of the contract;

17  and (iv) the resulting damage to the plaintiff. *Lortz v. Connell,* 273 Cal. App. 2d 286, 290 (1969);

18  *see also* CACI 300, 303. Here, Mr. Lee argues that Clear Channel has not alleged a breach of

19  contract, that if Clear Channel did allege a breach of contract it is barred by the litigation privilege,

20  and that if Clear Channel did allege a breach and the litigation privilege does not apply, Clear

21  Channel has not alleged damages. Each argument fails.

22

23  **1.    Clear Channel Alleges That Mr. Lee Breached The Lease**

24

25      Contrary to Mr. Lee's characterization, Mr. Lee's filing of an administrative appeal is not the

26  "only act" of which Clear Channel complains. As Clear Channel alleges, Mr. Lee breached the

27  Lease "by reason of [Lee's] foregoing acts and omissions." [Complaint ¶ 23.] Those forgoing acts

28  and omissions which Clear Channel specifically alleges include: (1) Mr. Lee falsely claiming that

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    Clear Channel (a) had no authority to obtain the Removal Permit, (b) trespassed on the Market Street

2    Property, (c) had no authority to remove the sign and improperly removed the sign; and (2) Mr. Lee

3    asserting that Clear Channel owes him $ 150,000 per week from December 2006 through May 2007.

4    [Complaint ¶ 14, 20.]

5

6        Each of these acts and omission violates Paragraph 6 of the Lease, which provides that "all

7    signs, structures and improvements placed on the premises by or for [Clear Channel] shall remain

8    the property of the [Clear Channel]" and that "[Clear Channel] shall have the right to remove the

9    same at any time during the term of the Lease, or after the expiration of the Lease." [Complaint, ¶

10   10, Exh. A.] Accordingly, the Lease explicitly authorizes Clear Channel to take necessary steps to

11   exercise its contractual right to remove its sign and structures, including applying for and obtaining a

12   permit to remove.[1] Mr. Lee voluntarily granted agency status to Clear Channel to apply for and

13   obtain a permit to remove its sign and sign structure. He also agreed that Clear Channel would

14   maintain its ownership and control over the sign, structures and improvements, including the right to

15   remove the sign, structure and improvements, which Clear Channel possessed since 1938.

16

17       Thus, Mr. Lee's conduct constitutes breach because Clear Channel has contractual authority

18   to obtain the Removal Permit (setting aside whether the DBI properly issued the Removal Permit,

19   which is dealt with in the state court proceeding), to ingress and egress from Mr. Lee's real property

---

20   [1]    In a footnote to his Motion, Mr. Lee ignores this explicit contractual authorization and instead argues that San
21   Francisco Building Code Section 106A.3.1.6, which requires a permit application to "be signed by the owner, or the
     owner's authorized agent," means that the only form of lawful authorization is a contemporaneous writing by the
22   property owner authorizing the removal of the sign. Mr. Lee argues that Section 106A.3.1.6 must be read into the Lease
     because "all applicable laws and ordinances in existence with the agreement is made become a part thereof" and that
23   Section 106A.3.1.6 means that Clear Channel's application is invalid. *Department of Industrial Relations v. UI Video
     Stores, Inc.*, 55 Cal.App.4th 1084, 1094 (1997). As an initial point, Mr. Lee's argument impermissibly goes to the merits
24   of Clear Channel's claims, which is outside the scope of his motion to dismiss. More importantly, though, Mr. Lee's
     reliance is also misplaced for at least three reasons. One, the Building Code does not state that the application for a sign
25   permit must be signed by the owner of the real property, but by its own terms allows the form to be signed by the
     "owner" of the sign. Two, Section 106A.3.1.6 was added to the Building Code by amendment in 2007, twenty years
26   after the Lease was signed, and therefore cannot be considered part of the Lease even under Mr. Lee's interpretation of
     the law. Three, Mr. Lee granted Clear Channel agency status by agreeing that Clear Channel could remove its sign
27   structure, including taking steps necessary to effectuate the removal, and the Building Code specifically allows the
     permit application to be signed by the "owner's authorized agent."

28

CLEAR CHANNEL OUTDOOR, INC.'S MEMORANDUM IN OPPOSITION TO DEFENDANT LEE'S MOTION TO
DISMISS, MOTION TO STRIKE AND MOTION FOR ANTI-SLAPP RELIEF

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    to effectuate its rights, and to remove the sign. In addition, and contrary to Mr. Lee's stated position,

2    Clear Channel does not owe him $150,000 per week from December 2006 through May 2007. Clear

3    Channel has plainly put Mr. Lee on notice of its breach of contract claim, and therefore Mr. Lee's

4    motion should be denied.

5

6    **2.    The Litigation Privilege Does Not Apply To Acts Or This Contract Action**

7

8    Mr. Lee also claims without basis that California's litigation privilege bars Clear Channel's

9    claim for breach of contract. California's litigation privilege prohibits communications from being

10    the basis of tort liability. *See* Cal. Civ. Code § 47. It does not apply to acts. *See Rusheen v. Cohen,*

11    37 Cal.4th 1048, 1058 (2006) ("'[b]ecause the litigation privilege protects only publications and

12    communications, a 'threshold issue in determining the applicability' of the privilege is whether the

13    defendant's conduct was communicative or noncommunicative") (*citing Kimmel v. Goland*, 51

14    Cal.3d 202, 211 (1990)). As set forth above, it is Mr. Lee's acts and omissions – some of which

15    occurred before Mr. Lee even filed his administrative appeal – that give rise to Clear Channel's

16    breach of contract claim. Accordingly, the alleged conduct is not immunized by California's

17    litigation privilege.

18

19    California's litigation privilege is also inapplicable because Clear Channel's action sounds in

20    contract, not tort. The litigation privilege only applies in breach of contract actions where "its

21    application furthers the policies underlying the privilege." *Wentland v. Wass*, 126 Cal.App.4th 1484,

22    1492 (2005). As a court sitting in the Ninth Circuit recently explained, where a breach of contract

23    action sounds in contract and does not impinge on the defendant's right to resort to court, the

24    litigation privilege does not apply. *E. & J. Gallo Winery v. Andina Licores S.A.*, 2006 WL 1817097,

25    *7 (E.D.Cal.) ("*Gallo*").[2] "While case law firmly establishes that the litigation privilege bars

26    ――――――――――――――――――
      [2]    In *Gallo*, the court also specifically distinguished *Labordore v. Aronson*, 92 Cal.App.4th 459 (2001) and *Pollack*

27    *v. Superior Court*, 229 Cal.App.3d 26 (1991), the two cases upon which Mr. Lee principally relies, on the grounds that
      neither decision "directly confront[s] the issue of whether the litigation privilege bars a breach of contract claim in a

28    derivative action." *E. & J. Gallo Winery.*, 2006 WL 1817097 at *7. Notably, *Labordore* and *Pollack* also dealt with

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

CLEAR CHANNEL OUTDOOR, INC.'S MEMORANDUM IN OPPOSITION TO DEFENDANT LEE'S MOTION TO
DISMISS, MOTION TO STRIKE AND MOTION FOR ANTI-SLAPP RELIEF

1    derivative *tort* claims that arise out of actions filed in the wrong court or that are advanced by means

2    of fraudulent representations to the court, there is nothing in the case law that prohibits allocating

3    costs to the party that chooses to ignore agreed-upon contractual provisions." *Id.* (emph. in

4    original). Here, the gravamen of Clear Channel's breach of contract claim is that Mr. Lee violated

5    Clear Channel's bargained-for right to remove its sign structure by denying that Clear Channel had

6    <u>authority</u> to remove the sign.  It does not arise from Mr. Lee's right to appeal the specific Removal

7    Permit issued by DBI to the Board of Appeal.  Indeed, since the Board of Appeals expressly

8    declined to consider the Lease in Mr. Lee's appeal, this Court may be the only forum for Clear

9    Channel to vindicate its contractual rights.

10

11       **3.       Clear Channel Has Alleged That It Suffered Damages**

12

13       Contrary to Mr. Lee's assertion, Clear Channel has also alleged that it suffered damages.

14   The alleged damages include the usurpation of Clear Channel's valuable rights of ownership and to

15   remove, injury to Clear Channel's goodwill and relations with existing and prospective real property

16   owners/lessors, and the imposition of substantial expenses on Clear Channel.  [Complaint¶ 24.]

17

18       Mr. Lee usurped Clear Channel's valuable rights of ownership and to remove the sign

19   structure, including its authority to obtain permits necessary to effectuate the removal.  Mr. Lee

20   disputes that the Board of Appeal rescinded the Removal Permit here and claims instead that the

21   Board of Appeals "revised" the Removal Permit.  Mr. Lee's own evidence, however, contradicts his

22   characterization of the Removal Permit.  Specifically, the Board of Appeal's Notice of Decision and

23   Order states that the Removal Permit "is OVERRULED, and the Department of Building Inspection

24   is hereby ordered and directed to REVOKE the subject permit…" [Defendant's RJN, Exh. 1 p. 1.

25   (emph. in original).]  Mr. Lee's mischaracterization highlights the value of the right to remove any

26   _____

27   California's litigation privilege in the context of motions for summary judgment, not motions to dismiss on the pleadings.  Indeed, neither decision stands for the broad proposition that California's litigation privilege shields Mr. Lee's conduct from breach of contract liability at the pleading stage.

28

CLEAR CHANNEL OUTDOOR, INC.'S MEMORANDUM IN OPPOSITION TO DEFENDANT LEE'S MOTION TO
DISMISS, MOTION TO STRIKE AND MOTION FOR ANTI-SLAPP RELIEF

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  lawfully erected – but currently non-conforming – structure in the context of the City's ban on all

2  new non-conforming structures.3  As Clear Channel alleges: (1) it has the contractual right to

3  remove the sign structure, including by obtaining permits necessary to its removal; and (2) Mr. Lee

4  breached the contract by denying that Clear Channel has this right; Clear Channel has suffered

5  damages, measured by the value of the right to remove a lawfully erected non-conforming sign

6  structure.

7

8      In addition, the evidence will show that Clear Channel paid all property taxes and expenses

9  of the sign structure, including lighting and insurance, from 1938 to the present, in the expectation

10  that it would continue to maintain ownership and the right to remove the sign structure indefinitely.

11  Now that Mr. Lee has purported to usurp those rights, Clear Channel has lost the expectancy value

12  of those investments.

13

14      Clear Channel has also alleged that it suffered the loss of goodwill and relations with existing

15  and prospective real property owners/lessors.  It is well settled that a plaintiff may seek loss of

16  goodwill or loss of business value in a breach of contract action.  *See, e.g., Dallman Co. v. Southern*

17  *Heater Co.*, 262 Cal.App.2d 582, 591-592 (1968).4  Here, Clear Channel alleges that it has lost

18  goodwill because Mr. Lee has acted contrary to Clear Channel's rights of ownership and removal of

19  the sign structure.  Clear Channel purposefully negotiates ownership of its signs, structures and

20

21  3      Notably, discovery is this case has been stayed as a result of Mr. Lee's Anti-SLAPP motion. "When a party
files an ant-SLAPP motion to strike, discovery is stayed until the court rules on the motion, except that the court may

22  allow specified discovery "on noticed motion and for good cause shown[.] … The Court may deny a discovery request
where 'discovery is not essential ... to respond to the motion to strike[.]' In particular, where the anti-SLAPP motion

23  'only identifies legal defects on the face of the pleading,' the court treats it as a Rule 12(b)(6) motion for failure to state a
claim." *Moser v. Triarc Companies, Inc.*, 2007 WL 3026425, *2 (S.D.Cal.) (internal citations omitted).  Should Clear

24  Channel later discover that Mr. Lee has already misappropriated Clear Channel's ownership and right to remove, it
would be entitled to restitution stemming from Mr. Lee's breach. *See, e.g., Alder v. Drudis*, 30 Cal. 2d 372, 383 (1947)

25  (rescission and restitution are alternative remedies in action for damages where there has been repudiation or material
breach of a contract, transfer of unique goods is involved, other remedies are inadequate, subject of contract still exists

26  and interests of innocent purchasers for value and defendant's creditors will not be unjustly affected).

27  4      Precise goodwill figures may be established by expert testimony, and Clear Channel may utilize an expert in
this case. *See Leslie G. v. Perry & Associates,* 43 Cal.App.4th 472, 487 (1996).

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

CLEAR CHANNEL OUTDOOR, INC.'S MEMORANDUM IN OPPOSITION TO DEFENDANT LEE'S MOTION TO
DISMISS, MOTION TO STRIKE AND MOTION FOR ANTI-SLAPP RELIEF

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  improvements in its leases so that Clear Channel can, among other things, control the use of (and, in

2  this case, disposal of) its property. In light of Mr. Lee's acts, it erroneously appears to third parties,

3  including Clear Channel's lessors, that Clear Channel improperly trespassed onto Mr. Lee's property

4  and took down Mr. Lee's sign. This appearance, in turn, has caused damage to the value of Clear

5  Channel's outdoor sign business.

6

7        Finally, as Clear Channel alleges, Mr. Lee's breaches have caused Clear Channel to incur

8  expenses. More specifically, Clear Channel has spent money to obtain a Removal Permit that has

9  since been revoked, and therefore has no value despite Clear Channel's expenses. As a matter of

10 contract law, Clear Channel is entitled to be in as good a position as it would have occupied if Mr.

11 Lee had not breached the contract. *See Lewis Const. Management, Inc. v. Pomona Unified School*

12 *Dist.*, 34 Cal.4th 960, 967 (2004). Thus, Clear Channel is entitled to damages for Clear Channel's

13 investment in a Removal Permit that no longer exists.

14

15 **C.    Clear Channel States A Claim For Promissory Estoppel**

16

17       A promise which the promisor should reasonably expect to induce definite and substantial

18 action or forbearance on the part of the promisee or a third person, and which does induce such

19 action or forbearance, is binding if injustice can be avoided only by enforcement of the promise. *See*

20 *Drennan v. Star Paving Co.*, 51 Cal. 2d 409, 413 (1958); *Lange v. TIG Ins. Co.*, 68 Cal. App. 4th

21 1179, 1185 (1998). "Promissory estoppel is a doctrine which employs equitable principles to satisfy

22 the requirement that consideration must be given in exchange for the promise sought to be

23 enforced." *US Ecology, Inc. v. State*, 129 Cal.App.4th 887, 901-902 (2005). If the promisor's

24 performance is bargained-for, there is no claim for promissory estoppel. *See Youngman v. Nevada*

25 *Irrigation Dist.,* 70 Cal. 2d 240, 249 (1969). A plaintiff may recover, however, based on promises

26 that are <u>not</u> part of a contract. *See id.* In addition, a party may set forth as many separate claims as it

27 has, regardless of consistency, including both breach of contract and promissory estoppel claims.

28 *See Mike Nelson Co., Inc. v. Hathaway*, 2005 WL 2179310, *7 (E.D. Cal.).

CLEAR CHANNEL OUTDOOR, INC.'S MEMORANDUM IN OPPOSITION TO DEFENDANT LEE'S MOTION TO
DISMISS, MOTION TO STRIKE AND MOTION FOR ANTI-SLAPP RELIEF

1    Here, the basis of Clear Channel's promissory estoppel claim are promises that are not part of

2    Lease. Specifically, Mr. Lee's conduct during the term of the Lease, including his letter <u>demanding</u>

3    that Clear Channel remove its advertising copy, constitutes a promise that Clear Channel could

4    remove without interference from Mr. Lee. [Complaint ¶ 12.] This conduct was separate and apart

5    from the bargained-for performance set forth in the parties' Lease. Accordingly, Mr. Lee's motion

6    to dismiss should be denied.

7

8    **D.    The Court Has Jurisdiction Over Clear Channel's Declaratory Relief Claim**

9

10    Mr. Lee does not dispute that Clear Channel states a claim for declaratory relief, but instead

11    argues that jurisdiction would be "improper" and "in violation" of the *Rooker-Feldman* doctrine.

12    Neither is true. *Rooker-Feldman* has no bearing on Clear Channel's complaint, and the evidence Mr.

13    Lee submits proves that jurisdiction is properly exercised by this Court.

14

15    The *Rooker-Feldman* doctrine bars review of state court judgments in the federal district

16    courts. *Rooker v. Fidelity Trust Co.*, 263 US 413, 415 (1923); *District of Columbia Court of Appeals*

17    *v. Feldman*, 460 US 462, 483 (1983). There are four different requirements: (1) the federal court

18    plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by the state

19    court judgment; (3) the plaintiff must be asking the district court to review and reject that judgment;

20    and (4) the state court judgment must have been rendered before the district court proceedings

21    commenced (i.e., *Rooker-Feldman* has no application to federal court suits proceeding in parallel

22    with ongoing state court litigation). *See Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 US

23    280, 292–293 (2005). Not one of these requirements is present here.

24

25    First, Clear Channel has not lost in state court because there is no state court judgment. As

26    Mr. Lee concedes, Clear Channel has filed a writ petition in state court with respect to a decision and

27    order by an administrative agency of the City of San Francisco. [Defendants' RJN, Exh. 2.] While

28    the *Rooker-Feldman* doctrine recognizes that the federal district courts may not review decisions by

CLEAR CHANNEL OUTDOOR, INC.'S MEMORANDUM IN OPPOSITION TO DEFENDANT LEE'S MOTION TO
DISMISS, MOTION TO STRIKE AND MOTION FOR ANTI-SLAPP RELIEF

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1   a state's courts, it does not preclude federal district court review of "executive action, including

2   determinations made by a state administrative agency." *Verizon Maryland Inc. v. Public Service*

3   *Commission,* 535 U.S. 635, 644 n.3 (2002). *Rooker-Feldman* is confined to cases "brought by state-

4   court losers complaining of injuries caused by state-court judgments rendered before the district

5   court proceedings commenced and inviting district court review and rejection of those judgments."

6   *Exxon Mobil Corp.*, 544 US at 284. Clear Channel is not a state-court loser and therefore the

7   doctrine does not apply.5

8

9       Second, Clear Channel does not complain of injuries stemming from a state court judgment,

10  both because there is no state court judgment and because Clear Channel's injuries stem from Mr.

11  Lee's conduct, not the Board of Appeals' decision. Clear Channel seeks a declaration that: (a) Clear

12  Channel is the sole owner of the signs, structures, and improvements removed from the Market

13  Street Property pursuant to the Removal Permit; (b) Clear Channel has the right to voluntarily

14  remove (or to not remove) the signs, structures and improvements at its sole discretion; (c) Clear

15  Channel has the right to obtain the Removal Permit; (d) the Removal Permit was the property of

16  Clear Channel; (e) Clear Channel is not liable to Defendant for obtaining the Removal Permit

17  pursuant to its rights and voluntarily removing Clear Channel's signs, structures and improvements

18  pursuant to the Removal Permit; and (f) Clear Channel is not liable to Defendant for any other

19  claims, damages or expenses, whether a $150,000 per week penalty fee or any other claim in any

20  other amount. [Complaint, p. 9 ( Prayer For Relief).] The proposed judicial declarations, by their

21  terms, have no connection to the revocation of the specific Removal Permit at issue in the state court

22  proceeding.

23

24

25  5       Moreover, assuming arguendo that *Rooker-Feldman* could apply to administrative decisions, the decision is not

26  a "final judgment" for purposes of the doctrine. Clear Channel has "appealed" the "judgment" by virtue of its writ
petition. *Rooker-Feldman* does not deprive a district court of jurisdiction in an action filed after a state court judgment

27  was rendered but while the state court judgment was still on appeal in the state courts. *Dornheim v. Sholes* 430 F.3d
919, 923–924 (8th Cir. 2005).

28

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

CLEAR CHANNEL OUTDOOR, INC.'S MEMORANDUM IN OPPOSITION TO DEFENDANT LEE'S MOTION TO
DISMISS, MOTION TO STRIKE AND MOTION FOR ANTI-SLAPP RELIEF

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1    Third, Clear Channel is not asking this Court to review and reject the non-existent state court

2    judgment. Nor is Clear Channel asking the court to review and reject the decision rendered by the

3    Board of Appeals. Not one proposed judicial declaration is a reconsideration or reversal of the

4    Board of Appeal's decision. Each proposed judicial declaration stems from Clear Channel's

5    unambiguous contractual rights, which the Board of Appeals expressly refused to consider. [*See*

6    Defendant's RJN, Exh. 1 ¶22 ("we decline to interpret the private contract between Appellants [Lee]

7    and Clear Channel.")] Clear Channel's requested relief does not constitute a review of the Board of

8    Appeal's decision because the Board never considered the Lease.

9

10    Fourth and finally, there was (and is) no state court judgment before Clear Channel initiated

11    this lawsuit. If the federal action is filed before a state court judgment is rendered, the parallel state

12    action does not affect concurrent federal subject matter jurisdiction. *Exxon Mobil Corp.*, 544 US at

13    292. Here, Clear Channel initiated its lawsuit on June 13, 2008. There is no state court judgment.

14    As a result, this last *Rooker-Feldman* requirement is also not present here.[6]

15

16    Mr. Lee's request that the Court "abstain" from hearing Clear Channel's declaratory relief

17    claim based on *Younger v. Harris*, 401 US 37 (1971), is also unavailing. *Younger* abstention is only

18    appropriate where state court proceedings: (1) are pending when the federal action is filed; (2)

19    implicate important state interests; and (3) provide adequate opportunity to raise the federal claim.

20    *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 US 423, 431 (1982); *M & A*

21    *Gabaee v. Community Redevelop. Agency of City of Los Angeles* 419 F.3d 1036, 1039 (9th Cir.

22    2005). Federal courts should not abstain where the federal claimant cannot present its claims in the

23    state court proceeding. *See Dubinka v. Judges of Superior Court*, 23 F.3d 218, 224 (9th Cir. 1994).

24

25    [6]    Mr. Lee's reliance on dicta in a single non-binding decision is misplaced. *See RFD Long Beach v. Tanter-Hare Inv., Bldg. Corp.*, 2008 WL 269444, *4 (S.D. Ohio). In *RFD Long Beach*, the court abstained from entertaining the

26    requested declaratory relief. In dicta, the court stated that the requested relief was "inconsistent with the principles" of *Rocker-Feldman*, but acknowledged that there was no triggering state court judgment. *Id.* Finally, the court found that

27    the requested relief was essentially an appeal of a zoning board decision. Here, as set forth above, Clear Channel does not seek an appeal of the Board of Appeal's decision.

28

CLEAR CHANNEL OUTDOOR, INC.'S MEMORANDUM IN OPPOSITION TO DEFENDANT LEE'S MOTION TO
DISMISS, MOTION TO STRIKE AND MOTION FOR ANTI-SLAPP RELIEF

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1      Here, contrary to Mr. Lee's account, Clear Channel's claim for declaratory relief is <u>not</u>

2   before the courts of California.  As set forth above, none of Clear Channel's requested relief in the

3   federal action seeks a review or a reconsideration of the Board of Appeal's decision.  And,

4   conversely, Clear Channel's petition for a writ of mandate does not seek an interpretation of the

5   Lease. [Defendant's RJN Exh. 3 ¶26.] Indeed, the scope of Clear Channel's writ petition is

6   necessary confined by the written decision of the Board of Appeals, which expressly declined to

7   consider the Lease in its decision. [*See* Defendant's RJN, Exh. 1 ¶22.] Accordingly, Clear Channel

8   has asked the state court to vacate the Board of Appeal decision and defer further action until the

9   meaning of the Lease can be adjudicated in this Court. [Defendant's RJN Exh. 3 ¶26.] Thus,

10  *Younger* abstention is not appropriate and Mr. Lee's motion should be denied.

12  **E.    Mr. Lee's Request To Strike The Prayer For "Attorney's Fees And Costs of Suit**

13       **Incurred Herein" Should Be Denied**

15      A motion to strike is limited to "redundant, immaterial, impertinent or scandalous" matters.

16  Fed.R.Civ.P. 12(f).  Although a motion to strike a prayer is technically proper, Rule 12(f) motions

17  are generally disfavored because they are often used as delaying tactics and because of the limited

18  importance of pleadings in federal practice. *See Bureerong v. Uvawas*, 922 F. Supp. 1450, 1478

19  (C.D. Cal. 1996).  Here, Mr. Lee asks the Court to strike Clear Channel's fourth prayer for

20  "attorney's fees and costs of suit incurred herein" on the ground that Clear Channel is not entitled to

21  attorney's fees. [Motion p.22.]  Inexplicably, Mr. Lee totally fails to address Clear Channel's

22  request for the costs of suit.  Costs of suit are recoverable as a matter of law to the prevailing party.

23  Fed.R.Civ.P. 54(d); 28 U.S.C. § 1920.  There is no basis to strike Clear Channel's request for costs

24  and the motion should be denied.  To the extent Mr. Lee seeks only to strike the phrase "attorney's

25  fees" from the fourth prayer of relief, Clear Channel does not oppose.

F.     **The *Noerr-Pennington* Doctrine Is Inapplicable**

The *Noerr-Pennington* doctrine provides that there is no antitrust liability under the Sherman Act for efforts to influence government that are protected by the First Amendment right to petition for redress of grievances, even if the motive behind the effort is anti-competitive. *See Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127 (1961); *United Mine Works v. Pennington*, 381 U.S. 657 (1965); *Pacific Gas & Electric Co. v. Bear Stearns & Co.*, 50 Cal.3d 1118, 1133 (1990). Since it was first established, courts sitting in the Ninth Circuit have applied *Noerr-Pennington* to claims other than those arising from the Sherman Act. *See Westlands Water Dist. Distribution Dist. v. Natural Resources Defense Counsel, Inc.*, 276 F.Supp.2d 1046, 1053 (E.D. Cal. 2003). Importantly, however, *Noerr-Pennington* does not extend to "every concerted effort that is genuinely intended to influence governmental action." *Allied Tube & Conduit Corp. v. Indian Head., Inc.*, 486 U.S. 492, 503 (1988). Mr. Lee's attempt to assert *Noerr-Pennington* immunity in this case exceeds its limitations.

1.     **The Board Of Appeals' Action Did Not Cause Clear Channel's Injury**

One important limitation is that *Noerr-Pennington* does not apply when the anticompetitive effects result from a private party's conduct rather than the government's response to it. *See FTC v. Superior Court Trial Lawyers Ass'n*, 493 U.S. 411, 424-25 (1990) ("*SCTLA*"); *Carpet Group Int'l v. Oriental Rug Imps. Ass'n*, 256 F. Supp. 2d 249, 268 (2003) ("the restraint alleged by Plaintiffs is largely the result of private action directed at the government, rather than governmental action, and that consequently, most of Defendants' conduct is not subject to *Noerr-Pennington* protection.")

For example, in *SCTLA*, the Supreme Court denied *Noerr*'s protection to a boycott designed to compel the government to pay higher legal fees. In that case, the Defendant SCTLA boycotted the representation of indigent criminal defendants until the District of Columbia increased their lawyers' compensation. After the SCTLA obtained the pay raise, the Federal Trade Commission

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

CLEAR CHANNEL OUTDOOR, INC.'S MEMORANDUM IN OPPOSITION TO DEFENDANT LEE'S MOTION TO DISMISS, MOTION TO STRIKE AND MOTION FOR ANTI-SLAPP RELIEF

1    filed an antitrust lawsuit. The Supreme Court reject the SCTLA's purported *Noerr-Pennington*

2    immunity on the grounds that it was SCTLA's conduct – the government's conduct – which was the

3    basis of the Federal Trade Commission's alleged harm:

> [I]n the *Noerr* case the alleged restraint of trade was the intended *consequence* of
> public action; in this case the boycott was the *means* by which respondents sought to
> obtain favorable legislation. The restraint of trade that was implemented while the
> boycott lasted would have had precisely the same anticompetitive consequences
> during that period even if no legislation had been enacted. In *Noerr,* the desired
> legislation would have created the restraint on the truckers' competition; in this case
> the emergency legislative response to the boycott put an end to the restraint. [*Id.* at
> 424-25 (emph. in original).]

9    The Court stressed that alleged anti-competitive harm resulted from the lawyers' conduct, not

10    the government's response to it, and therefore *Noerr-Pennington* was inapplicable. *See id.*

11

12    Here, Mr. Lee argues that Clear Channel's complaint is based entirely on the government's

13    response to Mr. Lee's administrative appeal with the City of San Francisco (i.e., Mr. Lee's effort to

14    influence the government). Not so. Clear Channel is not asking this Court to redress or reconsider

15    the ruling by the Board of Appeals, because its alleged harm has not resulted from the Board of

16    Appeal's decision.[7] Rather, Clear Channel's harm arises from Mr. Lee's conduct. More

17    specifically, it arises from his breach of the Lease that he willingly assumed and then voluntarily

18    extended for an additional ten years, before it became advantageous to deny Clear Channel's rights

19    of ownership and removal and to threaten Clear Channel with baseless lawsuits. Clear Channel

20    seeks a forum to interpret the Lease agreement between the parties – which the Board of Appeals

21    explicitly declined to consider.

22

23

24

25

26
27

---

[7]    The issue of whether the Department of Building Inspection properly issued Clear Channel's permit application under applicable ordinances (without regard to interpretation of the Lease) is currently before the California state court in the writ proceeding.

28

CLEAR CHANNEL OUTDOOR, INC.'S MEMORANDUM IN OPPOSITION TO DEFENDANT LEE'S MOTION TO
DISMISS, MOTION TO STRIKE AND MOTION FOR ANTI-SLAPP RELIEF

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

**2.     Most of Mr. Lee's Behavior Cannot Be Characterized As An Exercise Of The Right To Petition**

Another important limitation to *Noerr-Pennington* is that it protects the right to petition the government to act anti-competitively. Thus, outside of the Sherman Act context, at most, the *Noerr-Pennington* doctrine protects advocacy of, but not participation in, allegedly harmful activities. *See California Motor Transport Co. v. Trucking Unlimited,* 404 U.S. 508, 514 (1972). The distinction is critical here. Clear Channel does not dispute that Mr. Lee has the right to petition the Board of Appeals in connection with the DBI Removal Permit. That right, however, does not confer blanket immunity on Mr. Lee to breach an existing contract with Clear Channel by denying that Clear Channel has a contractual right to remove its sign. And because the Board of Appeals did not consider the Lease – thus confining the scope of the parallel writ proceeding – Clear Channel cannot vindicate its contractual right to remove its sign in the writ proceeding.

Further, Mr. Lee's pre-appeal activities have nothing to do with his right to petition and therefore fall outside the scope of *Noerr-Pennington*. In a letter dated September 5, 2006, nine months before exercising his right to petition the Board of Appeals, Mr. Lee sent a purported notice to Clear Channel, erroneously alleging that the Lease would terminate on December 15, 2006, and threatening that Clear Channel would be liable for a $150,000.00 per week penalty fee for Clear Channel's "unauthorized stay or advertising remaining" past the termination date. Thus, Mr. Lee demanded that Clear Channel pay to remove its advertising copy – before the expiration of the Lease – but leave its advertising sign, structures and improvements at the property so that Mr. Lee could then use, lease or sell Clear Channel's rights. Mr. Lee's acts are in breach of the Lease and do not stem from his right to petition the Board of Appeals.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

CLEAR CHANNEL OUTDOOR, INC.'S MEMORANDUM IN OPPOSITION TO DEFENDANT LEE'S MOTION TO DISMISS, MOTION TO STRIKE AND MOTION FOR ANTI-SLAPP RELIEF

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  **G.    The Anti-SLAPP Law Does Not Bar Clear Channel's Claims**

2

3        Mr. Lee also claims without basis that Clear Channel's complaint is a Strategic Lawsuit

4  Against Public Participation ("SLAPP").  A SLAPP lawsuit is one brought "primarily to chill the

5  valid exercise of constitutional rights of freedom of speech and petition for the redress of

6  grievances."  Cal. C.C.P. § 425.16(a).  There are four categories of suits to which the anti-SLAPP

7  statute applies: (a) statements or writings made before a legislative, executive, or judicial or other

8  official proceeding; (b) statements or writings made in connection with an issue under consideration

9  or review by a legislative, executive, or judicial body, or any other legally authorized official

10  proceeding; (c) statements or writings made in a place open to the public or in a public forum, in

11  connection with an issue of public interest; and (d) any other conduct in furtherance of the exercise

12  of the constitutional right of petition or the constitutional right of free speech in connection with an

13  issue of public interest.  *See* Cal. C.C.P. § 425.16(e).

14

15        The defendant has the burden to establish both that the suit arises from the conduct described

16  and that it is not subject to the exceptions contained in Code of Civil Procedure Section 425.17.

17  *Brill Media Co., LLC v. TCW Group, Inc.*, 132 Cal.App.4th 324, 330 (2005).  If, and only if, the

18  defendant can make such a showing, the burden then shifts to plaintiff to establish a "probability"

19  that plaintiff will prevail on whatever claims are asserted against defendant.  *See* Cal. C.C.P. §

20  425.16(b).  In making its determination, the court shall consider the pleadings, and supporting and

21  opposing affidavits stating the facts upon which the liability or defense is based.  Cal. C.C.P. §

22  425.16(b)(2).  Here, Mr. Lee can neither satisfy his initial burden nor overcome Clear Channel's

23  probability of success on the merits.

24

25        **1.    Clear Channel's Complaint Is Not Based On Mr. Lee's Protected Activities**

26

27        Initially, Clear Channel's lawsuit is not based on Mr. Lee's petitioning activity, and there

28  cannot be a SLAPP.  True, Clear Channel filed the lawsuit after Mr. Lee filed an administrative

CLEAR CHANNEL OUTDOOR, INC.'S MEMORANDUM IN OPPOSITION TO DEFENDANT LEE'S MOTION TO
DISMISS, MOTION TO STRIKE AND MOTION FOR ANTI-SLAPP RELIEF

1  appeal. But the mere fact that an action was filed after protective activity took place does not mean

2  the action arose from that activity for purposes of the anti-SLAPP law. *Applied Business Software,*

3  *Inc. v. Pacific Mortgage Exchange, Inc.*, 164 Cal. App. 4th 1108, 1116 (2008) (denying defendant's

4  Anti-SLAPP motion where "simple breach of contract alleged" did not arise from protected activity).

5  "The anti-SLAPP statute cannot be read to mean that 'any claim asserted in an action which

6  arguably was filed in retaliation for the exercise of speech or petition rights falls under section

7  425.16, whether or not the claim is *based on* conduct in exercise of those rights' (citations omitted)."

8  *City of Cotati v. Cashman*, 29 Cal.4th 69, 77 (2002). That a cause of action arguably may have been

9  triggered by protected activity does not entail that it is one arising from such." *Id.* at p. 78. The

10  critical consideration is whether the cause of action is *based on* the defendant's protected free speech

11  or petitioning activity. *See ComputerXpress, Inc. v. Jackson,* 93 Cal.App.4th 993, 1001 (2001).

12

13      Here, Channel's complaint is based on Mr. Lee's denial of Clear Channel's ownership of the

14  sign structure at issue and his denial that Clear Channel has the right to remove the sign structure as

15  called for in the Lease. It is further based on his demand that Clear Channel remove all of its

16  advertising copy (but not its sign, structures or improvements) by December 2006 or face Mr. Lee's

17  threat to pursue Clear Channel for $150,000 per week from December 2006 to May 2007. None of

18  these acts by Mr. Lee was taken in furtherance of his right of petition or free speech in connection

19  with a public issue. Therefore, Clear Channel's complaint is not based on any protected activity by

20  Mr. Lee. It is irrelevant that Clear Channel did not file this suit until *after* Mr. Lee filed his

21  administrative appeal. The filing of that administrative appeal is not the basis of this lawsuit. This is

22  a breach of contract suit based solely on Mr. Lee's alleged failure to comply with specific provisions

23  in the Lease. Thus, the Court should dismiss Mr. Lee's anti-SLAPP motion.

24

25

26

27

28

CLEAR CHANNEL OUTDOOR, INC.'S MEMORANDUM IN OPPOSITION TO DEFENDANT LEE'S MOTION TO
DISMISS, MOTION TO STRIKE AND MOTION FOR ANTI-SLAPP RELIEF

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

2.    **Mr. Lee Waived Any Purported Right To Anti-SLAPP Protection By Virtue Of The Lease**

In addition, SLAPP does not apply to this action because Mr. Lee has contracted not to appeal the permit to remove the sign structure. *See Navellier v. Sletten*, 29 Cal.4th 82, 94 (2002) ("a defendant who has validly contracted not to speak or petition has waived the right to the anti-SLAPP statute's protection in the event he later breaches the contract"); *DaimlerChrysler Motors Co. v. Lew Williams, Inc.* 142 CA4th 344, 351 (2006) (car manufacturer agreed not to reopen dealership for at least one year in exchange for dealer's agreement not to protest to regulatory authorities should manufacturer eventually reestablish dealership there). More specifically, Mr. Lee agreed in the Lease that Clear Channel has the right to remove its sign structure at any time during the term of the Lease, the same right Clear Channel had maintained for seventy years. [Complaint, ¶ 10, Exh. A] By virtue of this agreement, Mr. Lee also gave Clear Channel the written authority to take steps necessary to remove the sign structure, including applying for and obtaining the Removal Permit. In the absence of such authority, the agreement that Clear Channel has the right to remove the sign structure would be meaningless. Thus, even should the Court conclude that Mr. Lee has satisfied his burden, his anti-SLAPP motion should be denied.

3.    **Clear Channel Has Established A Probability Of Prevailing On The Merits**

The anti-SLAPP motion should also be denied because Clear Channel has a probability of prevailing on the merits. In the anti-SLAPP context, the threshold for showing a probability of success is quite low. *See Overstock.com, Inc. v. Gradient Analytics, Inc.* 151 CA4th 688, 699–700 (2007) ("We do not weigh credibility, nor do we evaluate the weight of the evidence … [and] accept as true all evidence favorable to the plaintiff"). A "probability" means that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment. *See Premier Med. Mgmt. Systems, Inc. v. California Ins. Guar. Ass'n*, 136 CA4th 464, 476 (2006).

1    As set forth above, Clear Channel has stated a claim for breach of contract and related causes

2    of action. The contract is attached to the complaint as Exhibits A and B. The breach of contract

3    claim stems from Mr. Lee's acts and omissions, including his claims that Clear Channel had no

4    authority to obtain the Removal Permit, trespassed on the Market Street Property, had no authority to

5    remove the sign and improperly removed the sign; and that Clear Channel owes him $150,000 per

6    week from December 2006 through May 2007. [Complaint ¶ 14, 20]

7

8    In connection with this opposition, Clear Channel also submits evidence authenticating the

9    provision of the Lease which is the basis of its right to remove. [Declaration of Patrick Powers, ¶ 5,

10    Exh. A.] It is well-settled that such a provision gives Clear Channel the sole right to remove the sign

11    structure. *See Clark v. Tallmadge*, 23 Cal.App.2d 703, 706-707 (1937) (lessee has right to remove

12    property affixed to the land as lessee's personal property because of express agreement); *Earle v.*

13    *Kelly*, 21 Cal.App. 480, 483 (1913) (same). In *Clark*, for example, the court awarded possession of

14    personal property to the lessee on the basis of a contractual right to remove. There, the plaintiff

15    ranch owner entered a written lease agreement with a corporation to use her land as a fur farm.

16    *Clark* 23 Cal.App.2d at 708. The lease provided in relevant part:

17

18        (3) Any new buildings constructed upon said property subsequent to the date hereof
         or prior to the termination of the lease are to be the property of the lessees and are
19        subject to removal at the termination of the lease.

20        (4) Said improvements which may be placed upon said property by the lessees may
         consist of fox kennels, fencing, etc. *Id.* at 705.
21

22    On appeal, the court affirmed judgment for the lessee, determining that the lease provided

23    that the lessee was entitled to remove the improvements at the termination of the lease, whether by

24    expiration of the term or by failure to pay rent, and that no other interpretation was reasonable. In

25    addition, the court rejected the ranch owner's argument that "improvements" in clause 4 was outside

26    the definition of "buildings" in clause 3. Accordingly, the lessee had the sole right to remove all if

27    the kennels and fences. *Id.* at 704-706.

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    As in *Clark*, the Lease here unambiguously confers ownership and the right to remove the

2    sign structure on Clear Channel. The Lease provides that Clear Channel may remove "all

3    advertising signs, structures, and improvements erected or made by [Clear Channel]." [Declaration

4    of Patrick Powers, ¶ 5, Exh. A.] Clear Channel erected and has maintained the sign structure on Mr.

5    Lee's property for seventy years. [*Id.*, ¶ 2.] Clear Channel also paid for preventative maintenance

6    and expenses of the sign structure, including lighting, insurance and all City of San Francisco

7    permits obtained in connection with the sign structure since 1938. [*Id.*, ¶ 4.] Accordingly, Clear

8    Channel has the unequivocal contractual right to remove the sign structure and is likely to prevail on

9    its breach of contract, declaratory relief and related claims.

10

11                          **IV.    CONCLUSION**

12

13    After he took ownership of the Market and 16th Streets real property, Mr. Lee agreed that

14    Clear Channel owns the sign structure and has the right to remove it. Clear Channel had maintained

15    those rights on the property since it erected the sign structure seventy years ago. Nevertheless,

16    before the Lease term ended, Mr. Lee attempted to take those rights away by demanding that Clear

17    Channel vacate the premises and leave its sign structure, or face a $ 150,000 per week penalty.

18    Then, after it became expedient to do, Mr. Lee denied that Clear Channel ever had authority the

19    remove the sign, in clear breach of the Lease. Now Mr. Lee seeks judicial immunity from these acts

20    under the guise of the purported exercise of his right to petition. Mr. Lee's undisputed right to

21    petition does not and cannot immunize him from his contractual obligations, and this Motion should

22    be denied.

23

24    DATED: August 27, 2008.

25                          REED SMITH LLP

26

27    By____/s/ James A. Daire_____
                         Scott D. Baker
28                       James A. Daire
                         Attorneys for Plaintiff

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

CLEAR CHANNEL OUTDOOR, INC.'S MEMORANDUM IN OPPOSITION TO DEFENDANT LEE'S MOTION TO
DISMISS, MOTION TO STRIKE AND MOTION FOR ANTI-SLAPP RELIEF

1

## Certificate of Service

2

3       The undersigned hereby certifies that all counsel of record who are deemed to have

4   consented to electronic service are being served this 27th day of August 2008, with this document via

5   the Court's CM/ECF system.  I certify that all parties in this case are represented by counsel who are

6   CM/ECF participants.

7

8

            /s/

James A. Daire

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DOCSSFO-12524347.6

CLEAR CHANNEL OUTDOOR, INC.'S OPPOSITION TO DEFENDANT LINDA ERKELENS' MOTION FOR
SUMMARY JUDGMENT