United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CLEAR CHANNEL OUTDOOR, INC.,

    Plaintiff,

    v.

CHEOL HOON LEE,

    Defendant.

_____/

No. C 08-2955 PJH

**ORDER DENYING MOTION FOR ATTORNEY'S FEES**

Before the court is defendant's motion for attorney's fees. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES the motion.

Plaintiff Clear Channel Outdoor, Inc. ("Clear Channel") filed this action on June 13, 2008, asserting claims for breach of written contract, promissory estoppel, and declaratory relief. Defendant Cheol Hoon Lee ("Lee") filed a motion to dismiss, arguing that Clear Channel's claims were barred by the Noerr-Pennington doctrine; that Clear Channel's claims were barred by California's anti-SLAPP statute, California Code of Civil Procedure § 425.16; that the complaint failed to state a claim for breach of contract or promissory estoppel; and that the court lacked jurisdiction for the declaratory relief claim, under the Rooker-Feldman doctrine.

At the September 17, 2008, hearing on Lee's motion to dismiss, the court noted its

responsibility to determine the existence of subject matter jurisdiction, and questioned counsel for Clear Channel regarding the allegations in the complaint that the amount in controversy exceeded $75,000.  When counsel was unable to articulate a basis for those allegations, the court advised him that he would be required to make a showing, in writing, establishing jurisdiction, and that if he failed to do so, the case would be dismissed.  The court advised further that even if the case were not dismissed, it would likely be stayed pending resolution of the related state court petition for writ of mandate.  The court did not rule on Lee's motion to dismiss at the hearing.

On October 1, 2008, Clear Channel filed a statement asserting that the complaint met the amount-in-controversy requirement based on the allegation that prior to Clear Channel's removal of its advertising from Lee's building, Lee had sent Clear Channel a demand letter stating that a penalty of $150,000 a week would be assessed until the advertising was removed;[1] and on the allegations in the complaint that the damages for breach of contract exceeded $75,000 (citing Complaint ¶ 24).  Clear Channel also claimed that it had "incurred expenses and fees" in connection with the permit process and Lee's challenge to the issuance of the permit to Clear Channel.

Also on October 1, 2008, Clear Channel filed a notice of voluntary dismissal of the entire action, without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

On October 15, 2008, Lee filed the present motion for attorney's fees, arguing that he is entitled to fees as the prevailing defendant in a motion to strike under California Code of Civil Procedure § 425.16(c).  He asserts that Clear Channel's voluntary dismissal of the claims before the court had ruled on the motion does not preclude a finding that he was the prevailing party under the anti-SLAPP statute for purposes of an award of attorney's fees.  He argues that under Coltrain v. Shewalter, 66 Cal. App. 4th 94 (1998), where a plaintiff voluntarily dismisses an alleged SLAPP suit while a motion to strike is pending, a

---

[1] However, counsel for Clear Channel had previously conceded at the September 17, 2008, hearing that Clear Channel had not paid a penalty and had not been billed for the penalty.

2

presumption arises that the defendant is the prevailing party.  See id. at 106-07.

Clear Channel opposes the motion, arguing that Lee is not a prevailing defendant because he has not established that he is entitled to anti-SLAPP relief on the merits, and because Clear Channel established a probability of success on its claims; and also because a there is still an ongoing dispute between the parties (referring to the state court petition for writ of mandate).  In addition, Clear Channel asserts, it did not dismiss the complaint for reasons related to the likelihood of success on the merits, but rather because the court indicated its inclination to stay the action pending further developments in the state court action.

The court finds that Lee is not a prevailing defendant in an anti-SLAPP suit.  While a defendant might be entitled to attorney's fees following a voluntary dismissal by the plaintiff in certain cases, the "critical issue" in determining whether the defendant is entitled to attorney's fees following a voluntary dismissal is "which party realized its objectives in the litigation."  Id. at 107.  The court should not consider the defendant to be "prevailing" if the plaintiff dismissed the complaint because of reasons unrelated to its probability of success on the merits.  Id.

Here, the court issued no ruling regarding the merits of Lee's motion to dismiss or regarding the anti-SLAPP claim, and did not even address the merits of the anti-SLAPP issue at the hearing.  Clear Channel dismissed the action because of the court's stated intention to stay the case pending resolution of the state court writ action, and also possibly because of the court's stated intention to dismiss the case in the absence of some showing by Clear Channel of the existence of an amount in controversy exceeding $75,000.  The court finds that under these circumstances, Lee is not entitled to a presumption that he is the prevailing defendant for purposes of the anti-SLAPP statute.

Moreover, while Clear Channel voluntarily dismissed the complaint, Lee never objected to the fact that the dismissal was without prejudice.  Had he considered himself the prevailing defendant, he should have attempted to protect himself by requesting that the dismissal be with prejudice.

3

Finally, even were Lee correct in arguing that he is a prevailing defendant, the court would nonetheless decline to consider the motion for attorney's fees because there is no federal subject matter jurisdiction. Subject matter jurisdiction is fundamental and cannot be waived. Fed. R. Civ. P. 12(h)(3); see Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006). The court is required to consider sua sponte whether it has subject matter jurisdiction. Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1116 (9th Cir. 2004) (citing Allstate Ins. Co. v. Hughes, 358 F.3d 1089, 1093 (9th Cir. 2004)). Diversity jurisdiction exists only when the parties are in complete diversity and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

As the plaintiff, Clear Channel bears the burden of establishing subject matter jurisdiction. See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). In the complaint, Clear Channel alleged jurisdiction under 28 U.S.C. § 1332, asserting that "this is a civil action in which the amount in controversy exceeds the sum of $75,000, and is between citizens of different states." Complaint ¶ 2. Clear Channel asserted further that it was a Delaware corporation with its principal place of business in Arizona, and that Lee was a citizen of California. Id. ¶ 4.

Clear Channel also alleged that it "seeks recovery in excess of $75,000, exclusive of costs and interest." Id. ¶ 3. In the breach of contract and declaratory relief causes of action, Clear Channel asserted that it had incurred damages that exceeded $75,000, in an amount "to be proven at the time of trial." Id. ¶¶ 24, 29. In the prayer for relief, Clear Channel sought declaratory relief and "actual damages in an amount to be determined at trial." However, no facts pled in the complaint reflected damages even approaching $75,000.

Because it was not facially evident from the complaint that Clear Channel could meet the jurisdictional amount, and because counsel for Clear Channel was unable, at the hearing, to articulate a basis for the allegations that the amount in controversy exceeded $75,000, the court ordered Clear Channel to file a statement showing that it met the jurisdictional requirement. Clear Channel's October 1, 2008, jurisdictional statement

4

provides no facts showing that it meets that requirement.  Because Clear Channel failed to meet its burden of showing that more than $75,000 is at issue in this case, the court finds that Clear Channel has failed to establish subject matter jurisdiction under 28 U.S.C. § 1332.

The hearing on the motion for attorney's fees, previously set for Wednesday, January 14, 2009, is VACATED.

**IT IS SO ORDERED.**

Dated: January 8, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge